UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUISA DEVERS ABREU AND JESUS BERRIOS,

PLAINTIFFS,

-against-

THE STATE OF NEW YORK,
HON. LEONARD SCHOLNICK, INDIVIDUALLY AND AS
JUSTICE OF THE SUPREME COURT OF
THE STATE OF NEW YORK,
HON. MICHAEL L. PESCE, INDIVIDUALLY AND AS
JUSTICE OF THE SUPREME COURT OF
THE STATE OF NEW YORK,
THE CITY OF NEW YORK,
HON. VERNA EGGLESTON, INDIVIDUALLY AND AS
COMMISSIONER OF THE NEW YORK CITY
HUMAN RESOURCES ADMINISTRATION,
DAGMAR PLAZA, ESQ.,
PROSPERO AMARO,
LAURA RAND,
THE BANK OF NEW YORK,
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
ST. MARY'S HOSPITAL OF BROOKLYN,
ABM MANAGEMENT CORPORATION,
376 AUTUMN AVE. CORPORATION,

DEFENDANTS. _____X

RECEIVED
MAR 15 2002
PRO SE OFFICE

DOCKET NO.

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

CV 02 1618

KORMAN, CH. J.

BLOOM, M.J.

Plaintiffs Luisa Devers Abreu and Jesus Berrios complaining

of the defendants herein, respectfully alleges and set forth

as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief and

and damages for the violation of the constitutional and civil

rights of the plaintiffs. Jurisdction of this Court is invoked

under the Due Process and Equal Protection Clauses of the

Fourteenth Amendment to the United States Constitution. The

First Amendment to the United States Constitution. This Court

has jurisdiction over this action pursuant to Title 28 U.S.C. Sections 1331, 1332, 1343, 1367, 2201, 2202, and 2283. This court has jurisdiction over this action pursuant to Title 28 U.S.C. Section 1332(a) in that the action is between citizens of a state and citizens of foreign states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This court has jurisdiction over this action under Title 42 U.S.C. Sections 1981, 1982, 1983, 1985, 1986 and 1988.

2. Venue is proper in this district pursuant to Title 28 U.S.C. Section 1391(a) in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is the subject of this action is situated.

## THE PARTIES

3. Plaintiff Luisa Devers Abreu is a citizen of the United States, 87 years of age, and a resident at 376 Autumn Ave., Apt.B-4, Brooklyn, New York 11208, in the County of Kings, City and state of new york.

4. Plaintiff Jesus Berrios is over 18 years of age, a citizen of the United States, and a resident at 1049 Liberty Ave., Brooklyn, New York 11208, in the County of Kings, City and state of New York.

5. Defendant Leonard Scholnick is a Justice of the Supreme Court of the State of New York, County of Kings, with offices located at 360 Adams Street, Brooklyn, New York 11201, in the County of Kings, City and state of New York.

2

6. Defendant Michael L. Pesce is Administrative Judge of the Supreme Court of the State of New York, County of Kings, with offices located at 360 Adams Street, Brooklyn, New York 11201, in the County of Kings, City and State of New York.

7. Defendant, The City of New York is a municipal corporation duly organized and by virtue of the laws of the State of New York with offices located at 1 Centre Street, New York, New York, 10007, in the County of New York, City and State of New York.

8. Defendant Verna Eggleston is Commissioner of the New York City Human Resorces Administration , an agency under the control and jurisdiction of the City of New York with offices located at 180 Water Street, New York, New York 10038, in the County of New York, City and State of New York.

9. Defendant Dagmar Plaza, Esq., is an attorney duly admitted to the practice of law in the State of New York with offices located at 26 Court Street, Suite 1402, Brooklyn, New York 11242 in the County of Kings, City and State of New York.

10. Defendant Prospero Amaro is co-guardian of the person and property of plaintiff Luisa Devers Abreu with residence located at 75 East 60th Street, Hialeah, Florida 33013.

11. Defendant Laura Rand is co-guardian of the person and property of plaintiff Luisa Devers Abreu with residence located at 220-55 46th Street, Bayside, New York 11261.

12. Defendant The Bank of New York is a banking institution duly organized and by virtue of the banking laws of the State of New York with offices located at 1 Wall Street, New York, New York 10015, in the County of New York, City and State of

New York.

13. Defendant Travelers Casualty and Surety Company of America is an insurance company duly organized and by virtue of the Insurance Law of the State of New York with offices located at 75 Town Centre Dr., Rochester, New York 14623.

14. Defendant St. Mary's Hospital of Brooklyn, is a health institution duly organized and by virtue of the laws of the State of New York with offices located at 170 Buffalo Ave., Brooklyn, New York 11213, in the County of Kings, City and State of New York.

15. Defendant 376 Autumn Ave. Corporation is a corporation duly organized and by virtue of the laws of the State of New York, with offices located at 310 Northern Boulevard, Suite G, Great Neck, New York 11021.

16. Defendant ABM Management Corporation is a corporation duly organized and by virtue of the laws of the State of New York with offices located at 310 Northern Boulevard, Suite G, Great Neck, New York 11021.

AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
PROSPERO AMARO, LAURA RAND, ABM MANAGEMENT CORP.,
376 AUTUMN AVE. CORPORATION.

( FRAUD AND DECEIT )

17. Plaintiffs repeats and re-alleges each and every allegation of paragraphs 1 through 16 above.

18. In  April, 1998, after 14 years of separation plaintiff Luisa Devers Abreu contacted her nephew defendant Prospero Amaro residing in the State of Florida and asked him to come to New York because plaintiff Luisa Devers Abreu was very sick

4

at that time and she had the intention to prepare a last will
and testament for the benefit of Prospero Amaro after the death
of plaintiff Luisa Devers Abreu.

19. Immediately prior to April 10, 1998, plaintiff Luisa Devers
Abreu was the sole owner of a 16 unit apartment building located
at 376 Autumn Ave., Brooklyn, New York 11208, in the County of
Kings. Plaintiff Luisa Devers Abreu purchased the property on
July 28, 1986. ( Exhibit 1).

20. Immediately prior to April 10, 1998, plaintiff Luisa Devers
Abreu had the follwing bank accounts with the following banks
and approximate balances as follows:

Greenpoint Bank    Acc.# 6630228366 Balance $ 106,000.00

Greenpoint Bank    Acc.# 663 024 0403 Balance $4,550.00

Chase Manhattan Bank Acc.# 9030002330-65 Balance $ 4,500.00

Chase Manhattan Bank Acc.# 1041878214    Balance $7,125.00

Chase Manhattan Bank Acc.# 104025070     Balance $ 32,000.00

Chase Manhattan Bank Acc.# 104025305     Balance $4,500.00

Chase Manhattan Bank Acc.# 104026034     Balance $36,000.00

Citibank             Acc.# 3304415882    Balance $30,000.00

Citibank             Acc.# 5991750859    Balance $1,700.00

CFS Bank             Acc.# 021560700176  Balance $40,000.00
                                        _____
            (Exhibit 2)      Total    $ 262,375.00

21. On March 10, 1998, under false pretenses, and with the
intention to commit fraud defendant Prospero Amaro requested
plaintiff Luisa Devers Abreu to sign and initial a Durable
General Power of Attorney, which was written in English. He

failed to translate the document or tell plaintiff Luisa Devers
Abreu what the document represented, what powers plaintiff
was giving him and what he intended to do with the document.

22. Plaintiff Luisa Devers Abreu do not read, write, and speak
in English and she did not understand the document. Plaintiff
Luisa Devers Abreu signed the document because she trusted her
nephew defendant Prospero Amaro. ( Exhibit 3).

23. After signing the within power of attorney, defendants
Prospero Amaro and his daughter Laura Rand took all the money
out of the aforementioned bank accounts without the knowledge,
permission or consent of plaintiff Luisa Devers Abreu.

24. Defendants Prospero Amaro and Laura Rand opened a bank
account with the Bank of New York with approximately $126,000.00
of the money belonging to the plaintiff. The joint bank account
with the Bank of New York is under the names of Luisa Devers
Abreu and Prospero Amaro Account No.690-3034090 and the joint
nature of said account was without knowledge, permission or
consent from plaintiff. Approximately $100,000.00 of the total
balance of $262,375.00 is unaccounted for.

25. Defendant the Bank of New York, has refused to release any
of the money to plaintiff although she has demanded the same
orally and in writing on various occasions. Plaintiff was unable
to meet her personal and business obligations.

26. The source of all monies in the aforementioned bank accounts
listed in paragraph 20 herein above, were deposits made by
plaintiff alone and none of the monies belonged to or originated
with or were deposited by any of the defendants, Prospero Amaro

and Laura Rand.

27. Armed with this Power of Attorney defendants Prospero Amaro and Laura Rand formed a corporation under the name of 376 Autumn Ave. Corporation, without the knowledge, consent or permission from the plaintiff.

28. Armed with this Power of Attorney defendants Prospero Amaro and Laura Rand elected themselves president and secretary of 376 Autumn Ave. Corporation without the knowledge, permission or consent from the plaintiff.

29. Armed with this Power of Attorney defendants Prospero Amaro and Laura Rand assigned 98% of the shares of 376 Autumn Ave. Corp. to plaintiff Luisa Devers Abreu and 1% to Prospero Amaro and 1% to Laura Rand without the knowledge, permission or consent from the plaintiff.

30. Armed with this Power of Attorney defendants Prospero Amaro and Laura Rand on March 21, 1998, transferred the property of plaintiff located at 376 Autumn Ave., Brooklyn, New York, from the sole ownership as Luisa Devers Abreu to 376 Autumn Ave. Corporation without the knowledge, permission or consent from the plaintiff.

31. Defendants Prospero Amaro and Laura Rand, and 376 Autumn Ave. Corporation entered into a management agreement with defendant ABM Management Corporation without the knowledge, permission or consent from the plaintiff. ( Exhibit 4).

32. On March 10, 1998, defendant Prospero Amaro represented and stated to the plaintiff that she was signing a last will and testament.

7

33. Said statements made by defendant Prospero Amaro were false and untrue. That in truth and in fact plaintiff was signing the Durable General Power of Attorney.

34. That said statements were known by the defendant to be false when he made the same.

35. That said statements were so made by the defendant for the purpose and with the intent of deceiving and defrauding the plaintiff, and to induce plaintiff, inreliance thereon, to sign the power of attorney.

36. Plaintiff believed said statements so made by the defendant to be true and relied thereon, and was thereby induced to sign the power of attorney.

37. By reason of the foregoing misconduct on the part of the defendants Prospero Amaro, Laura Rand, 376 Autumn Ave. Corp., and ABM Management Corp. plaintiff Luisa Devers Abreu has been seriously injured and damaged in an amount not less than $ 2,000,000 ( Two Million Dollars), the full amount to be determined at trial.

38. Because defendants committed such acts knowingly, intentionally and maliciously, plaintiff also request $2,000,000 ( Two Million Dollars in punitive damages.

AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS PROSPERO AMARO, LAURA RAND, ABM MANAGEMENT CORP., 376 AUTUMN AVE. CORP. AND THE BANK OF NEW YORK.

( CONVERSION )

39. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 38 above.

8

40. On March 10, 1998, plaintiff was the owner of and entitled to the immediate possession of the banks accounts aforementioned in paragraph 20 above. Plaintiff was the owner and entitled to the immediate possession of the proerty located at 376 Autumn Ave., Brooklyn, New York.

41. On March 10, 1998, the defendants converted the said property to their own use.

42. The value of the property converted by the defendants was $800,000.00 ( Eight Hundred Thousands Dollars).

43. By reason of the foregoing misconduct on the part of the defendants, specifically the acts set forth in paragraphs 17 through 42 above constitute fraud and conversion.

44. By reason of the foregoing misconduct on the part of the defendants plaintiff has been seriously injured and damaged in an amount not less than $ 2,000,000 ( Two Million Dollars), the full amount to be determined at trial.

45. Because the defendants committed such acts knowingly, intentionally and maliciously, plaintiff also request $2,000,000 ( Two Million Dollars) in punitive damages.

AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
PROSPERO AMARO, LAURA RAND, ABM MANAGEMENT CORP., AND
376 AUTUMN AVE. CORPORATION.

( INTENTIONAL INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS)

46. Plaintiff repeats and re-alleges each and every allegation
of paragraphs 1 through 45 above.

47. On July 28, 1986, the plaintiff and the tenants of 376 Autumn
Ave., Brooklyn, New York, entered into a written lease agreement
for a good and valuable consideration whereby plaintiff agreed to
lease the apartments and the plaintiff agreed to perform certain
building work for the said tenants.

48. Thereafter, on March 10, 1998, the defendants, with due
knowledge and notice of the aforesaid contracts between the
plaintiff and the tenants, did wrongfully, knowingly, intentio-
nally, maliciously and without reasonable justification or excuse
induce, persuade and entice the said tenants to violate, repudiate,
and break the said contracts with the plaintiff.

49. By reason of the fact that the said tenants were induced to
violate, repudiate and break the said agreement with the plaintiff,
the plaintiff was damaged in the sum of $ 1,000,000 ( One Million
Dollars), the full amount to be determined at trial.

50. Because defendants committed such acts knowingly, intentio-
nally and maliciously, plaintiff also request $ 1,000,000 ( One
Million Dollars) in punitive damages.

AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
PROSPERO AMARO, LAURA RAND, DAGMAR PLAZA,ESQ., AND
ST. MARY'S HOSPITAL OF BROOKLYN.

( FALSE IMPRISONMENT AND DETENTION )

51. Plaintiff repeats and re-alleges each and every allegation
of paragraphs 1 through 50 above.

52. On or about June 12, 2001, plaintiff was admitted voluntarily
at St. Mary'S OF Brooklyn for a surgical operation.

53. On June 30, 2001, the doctor in charge discharged the plaintiff
from the hospital.

54. On June 30, 2001, the defendants wrongfully, willfully, and
maliciously and without right, warrant, or a pretense of legal
process imprisoned and confined the plaintiff herein and deprived
her of her liberty for a period of 60 days.

55. Plaintiff was discharged from St. Mary's Hospital of Brooklyn
on September 1, 2001, after plaintiff requested in writing the
hospital to discharge her.( Exhibit 5).

56. According to Dianne Holzinger, social worker at the hospital,
defendants Dagmar Plaza,Esq., Prospero Amaro and Laura Rand
requested the hospital to confine plaintiff until she could be
placed in a nursing home.Plaintiff opposed suchplans.

57. By reason of the foregoing misconduct on the part of the
defendants, plaintiff was deprived of her liberty and was made
ill and was subjected to ridicule, scorn, and derision by those
knowing of her detention.

58. By reason of the foregoing misconduct on the part of the
defendants, specifically the acts set forth in paragraphs 51
through 57 above constitute false imprisonment and detention.

59. By reason of the foregoing misconduct on the part of the defendants plaintiff has been seriously injured and damaged in an amount not less than $ 5,000,000 ( Five Million Dollars), the full amount to be determined at trial.

60. Because defendants committed such acts knowingly,intentio- nally and maliciously, plaintiff also request $ 5,000,000 ( Five Million Dollars) in punitive damages.

## AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS. ( DEPRIVATION OF CIVIL RIGHTS)

61. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 60 above.

62. By Supplemental Order To Show Cause and Verified Petition dated December 15,1999, Jason A. Turner, former NYC Commissioner of Social Services commenced an Article 81 proceeding under New York State Mental Hygiene Law seeking the appointment of a guardian for personal needs and property management of plaintiff Luisa Devers Abreu.( Exhibit 6).

63. The Supplemental Order to Show Cause required that the papers upon which it was granted, be served upon Luisa Devers Abreu, the allegedly incapacitated person, by personally delivering them to Luisa Devers Abreu.

64. On December 15, 1999, Rafael Morel, filed an Affidavit of Service with the Clerk of the Supreme Court, County of Kings, indicating that the Supplemental Order to Show Cause and Verified Petition was served upon respondent Luisa Devers Abreu by regular mail. ( Exhibit 7).

12

65. Plaintiff was not served with the Supplemental Order to Show Cause and Verified Petition dated December 15, 1999, by personal delivery according with its own terms and as required by New York State Mental Hygiene Law Section 81.07(d)(2)(i).

66. The Supplemental Order to Show Cause and Verified Petition was not translated to Spanish as required by Mental Hygiene Law Section 81.07(b).

67. On May 8, 2000, a hearing was held before the Hon.Leonard Scholnick. Plaintiff was not notified of the hearing and was not afforded a full and fair opportunity to oppose the petition. Plaintiff was not present at the hearing as required by Mental Hygiene Law Section 81.11.

68. On July 21, 2000, Hon. Leonard Scholnick entered an Order and Judgment declaring plaintiff Luisa Devers Abreu an incompetent person and appointing defendant Dagmar Plaza,Esq., guardian of the person and property of plaintiff. Defendants Prospero Amaro and Laura Rand were appointed co-guardians of the person and property of the plaintiff.

69. Defendant Travekers Casualty and Surety Company of America, was appointed the surety company by the order of the Supreme Court dated July 21, 2000.

70. On August 15, 2000, defendants Dagmar Plaza,Esq., and Travelers Casualty and Surety Company of America executed an agreement for the benefit of plaintiff in the event that the the guardian of the person and property disobey all lawful directions of the court and to render a just and true account of all moneys and property belonging to the plaintiff.(Exhibit 8).

71. On September 7, 2002, plaintiffs Luisa Devers Abreu and Jesus Berrios filed a motion in the Supreme Court of the State of New York, County of Kings, seeking to vacate the order and Judgment entered by the state court on July 21, 2000, on the grounds of lack of personal jurisdiction Pursuant to New York Civil Practice Law and Rules Section 5015(a)(4). ( Exhibit 9).

72. Plaintiff requested the state court cancellation of the Notice of Pendency filed with the Clerk of the County of Kings, on July 14, 2000 ( Exhibit 10).

73. On September 7, 2002, plaintiff requested the state court removal of the guardians of the person and property of the plaintiff because plaintiff was fully able to manage her personal needs and property.

74. Plaintiff requested the state court the removal of the guardians of the person and property because they failed to comply with the duties set forth in the order appointing them.

75. Plaintiff Luisa Devers Abreu is a person of sound mind, and not suffering from any mental illness, blindness, or any other disease. Plaintiff never was confined in any mental institution.

76. Defendants Prospero Amaro and Laura Rand provided defendant Commissioner of Social Services with false and misleading information seeking to declare plaintiff an incompetent person to deprive plaintiff of her liberty and property.

77. On April 11, 1984, defendant Prospero Amaro made a similar application in the State of Florida seeking to declare plaintiff and incompetent person. ( Exhibit 11).

78. Defendant Prospero Amaro tried to declare plaintiff an
incompetent person in the State of Florida because he intended
to defeat a civil action brought by plaintiff in the State of
Florida to recover title to real property that defendant
Prospero Amaro bought with the money of the plaintiff and he
refused to transfer the title to the plaintiff.(Exhibit 12 ).

79. On November 7, 2001, a hearing was held before the Hon.
Leonard Scholnick to argue and submit the motions made by the
plaintiffs on September 7, 2001. The state court refused to
vacate the judgment and order and refused to grant any relief
to the plaintiff. ( Exhibit 13 ).

80. On December 15, 2001, plaintiffs Luisa Devers Abreu and
Jesus Berrios submitted a proposed order to the Hon.Leonard
Scholnick for his signature. Plaintiffs were seeking judicial
review of the denial of the motions submitted on September 7,
2001.

81. The Hon. Leonard Scholnick refused to sign the Proposed
Order and Decision submitted by the plaintiffs. By refusing to
sign the order the state court deprived the plaintiffs of the
right to seek judicial review. ( Exhibit 14 ).

82. On February 25, 2002, George Krowley, Clerk of the state
court, informed plaintiff Jesus Berrios that the proposed order
and Decision, which was made on notice to the parties, was
presented to the Hon. Michael L. Pesce for signature and that
the Hon. Michael L. Pesce refused to sign the Proposed Decision
and Order.

83. The defendants, individually and collectively, acting under color of state law deprived the plaintiffs of rights, privileges, and immunities secured to the plaintiffs by the Constitution and the laws of the United States.

84. By reason of the foregoing misconduct on the part of the defendants, specifically the acts set forth in paragraphs 61 through 83 above constitute wrongful deprivation of civil rights.

85. By reason of the foregoing misconduct on the part of the defendants Plaintiffs has been seriously injured and damaged in an amount not less than $5,000,000 ( Five Million Dollars), the full amount to be determined at trial.

86. Because defendants committed such acts knowingly,intentionally and maliciously plaintiffs also request $5,000,000 ( Five Million Dollars) in punitive damages.

#### AS AND FOR A SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS HON. LEONARD SCHOLNICK AND HON.MICHAEL L. PESCE.

#### ( WRONGFUL(DEPRIVATION OF FIRST AMENDMENT RIGHTS)

87. Plaintiffs repeats and re-alleges each and every allegation of paragraphs 1 through 86 above.

88. Plaintiffs have the right to petition to the government for redress of grievances and have the right to access to the courts, which rights are secured to the plaintiffs by the First Amendment to the United States Constitution.

89. By refusing to sign the Proposed Decision and Order submitted by the plaintiffs on December 15,2001, the state judges deprived the plaintiffs of the right to seek judicial review and of the right to petition to the government for redress of grievances.

90. By reason of the aforementioned misconduct on the part of the defendants, specifically the acts set forth in paragraphs 87 through 89 constitutes wrongful deprivation of first amendment rights.

91. By reason of the aforementioned misconduct on the part of the defendants Hon. Leonard Scholnick and Hon.Michael L. Pesce, plaintiffs has been seriously injured and damaged in an amount not less than $5,000,000 ( Five Million Dollars), the full amount to be determined at trial.

92. Because the defendants committed such acts knowingly, intentionally and maliciously, plaintiffs also request $5,000,000 ( Five Million Dollars) in punitive damges.

    AS AND FOR A SEVENTH CLAIM AGAINST DEFENDANTS HON.LEONARD SCHOLNICK, HON. MICHAEL L. PESCE, HON. VERNA EGGLESTON AND ST. MARY'S HOSPITAL OF BROOKLYN.

    ( RACIAL DISCRIMINATION )

93. Plaintiffs repeats and re-alleges each and every allegation of paragraphs 1 through 92 above.

94. Plaintiffs are members of a racial minority.

95. The defendants subjected plaintiffs to disparate treatment.

96. Plaintiffs have been deprived of rights that, under similar circumstances would have been accorded to a person of a different race.

97. The individual and collective acts of the defendants, specifically the acts set forth in paragraphs 61 through 96 above constitutes racial discrimination.

98. By reason of the aforementioned misconduct on the part of the defendants plaintiffs have been seriously injured and

17

damaged in an amount not less than $5,000,000 ( Five Million
Dollars), the full amount to be determined at trial.

99. Because defendants committed such acts knowingly,intentio-
nally and maliciously, plaintiffs also request $5,000,000
( Five Million Dollars ) in punitive damages.

### AS AND FOR AN EIGHT CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### ( CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS)

100. Plaintiffs repeats and re-alleges each and every allegation
of paragraphs 1 through 99 above.

101. The defendants herein conspired together and maliciously
and wilfully enetered into a scheme to deprive plaintiff Luisa
Devers Abreu of her liberty and property without due process of
law and to deprive the plaintiffs of rights, privileges, and
immunities secured to the plaintiffs by the Constitution and
the laws of the United States.

102. In pursuance of said conspiracy the said defendants did the
acts and things aforementioned and alleged and all of such acts
and things were participated in and done by all of the defendants
or by one or more of them as according to the plan of the said
conspiracy and for the purpose of defrauding, deceiving, and
deprived the plaintiffs of their rights.

103. By reason of the aforementioned misconduct on the part of
the defendants, specifically the acts set forth in paragraphs
17 through 102 above constitutes a conspiracy for the deprivation
of civil rights.

104. By reason of the aforementioned misconduct on the part of
the defendants plaintiffs have been seriously injured and

damaged in an amount not less than $5,000,000 ( Five Million Dollars), the full amount to be determined at trial.

105. Because defendants committed such acts knowingly,intentionally and maliciously, plaintiffs also request $5,000,000 ( Five Million Dollars), in punitive damages.

### AS AND FOR A NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS ( NEGLECT TO PREVENT DEPRIVATION OF CIVIL RIGHTS)

106. Plaintiffs repeats and re-alleges each and every allegation of paragraphs 1 through 105 above.

107.The individual and collective acts of the defendants, specifically the acts set forth in paragraphs 17 through 106 above constitutes 'neglect to prevent deprivation of civil rights.

108. By reason of the aforementioned misconduct on the part of the defendants, plaintiffs has been seriously injured and damaged in an amount not less than $5,000,000 ( Five Million Dollars), the full amount to be determined at trial.

109. Because defendants committed such acts knowingly,intentionally and maliciously, plaintiffs also request $5,000,000 ( Five Million Dollars) in punitive damages.

### AS AND FOR A TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS ( INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS )

110. Plaintiffs repeats and re-alleges each and every allegation of paragraphs 1 through 109 above.

111. The individual and collective acts of the defendants, specifically the acts set forth in paragraphs 17 through 110 above constitute intentional infliction of emotional distress.

19.

112. The individual and collective acts of the defendants, specifically the acts set forth in paragraphs 17 through 111 above constitutes conduct so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

113. By reason of the aforementioned misconduct on the part of the defendants, plaintiffs have been seriously injured and damaged in an amount not less than $ 5,000,000 ( Five Million Dollars), the full amount to be determined at trial.

114. Because defendants committed such acts knowingly, intentionally and maliciously, plaintiffs also request $5,000,000 ( Five Million Dollars) in punitive damages.

### PRAYER FOR RELIEF

Wherefore, plaintiffs respectfully request this Court the entry of a judgment granting the plaintiffs the following relief:

1. On their First Claim for Relief , the sum of $2,000,000 ( Two Million Dollars) in compensatory damages, with interest thereon accrued and accruing, plus an additional award of punitive damages in the amount of $2,000,000(Two Million Dollars).

2. On their Second Claim for Relief, the sum of $ 2,000, 000 ( Two Million Dollars) in compensatory damages, with interest thereon accrued and accruing, plus an additional award of punitive damages in the amount of $ 2,000,000 ( Two Million Dollars).

3. On their Third Claim for Relief, the sum of $ 1,000,000
( One Million Dollars) in compensatory damages, with interest
thereon accrued and accruing, plus an additional award of
punitive damages in the amount of $ 1,000,000 ( One Million
Dollars).

4. On their Fourth Claim for Relief, the sum of $ 5,000,000
( Five Million Dollars) in compensatory damages, with interest
thereon accrued and accruing, plus an additional award of
punitive damages in the amount of $ 5,000,000 ( Five Million
Dollars).

5. On their Fifth Claim for Relief, the sum of $ 5,000,000
( Five Million  Dollars) in compensatory damages, with interest
thereon accrued and accruing, plus an additional award of
punitive damages in the amount of $ 5,000,000 ( Five Million
Dollars).

6. On their Sixth Claim for Relief, the sum of $ 5,000,000
( Five Million Dollars) in compensatory damages, with interest
thereon accrued and accruing, plus an additional award of
punitive damages in the amount of $ 5,000,000 ( Five Million
Dollars).

7. On their Seventh Claim for Relief, the sum of $ 5,000,000
( Five Million Dollars) in compensatory damages, with interest
thereon accrued and accruing, plus an additional award of
punitive damages in the amount of $ 5,000,000 ( Five Million
Dollars).

8. On their Eight Claim for Relief, the sum of $ 5,000, 000 ( Five Million Dollars) in compensatory damages, with interest thereon accrued and accruing, plus an additional award of punitive damages in the amount of $ 5,000,000 ( Five Million Dollars).

9. On their Ninth Claim for Relief, the sum of $ 5, 000, 000 ( Five Million Dollars ) in compensatory damages, with interest thereon accrued and accruing, plus an additional award of punitive damages in the amount of $ 5,000, 000 ( Five Million Dollars).

10. On their Tenth Claim for Relief, the sum of $ 5,000, 000 ( Five Million Dollars) in compensatory damages, with interest thereon accrued and accruing, plus an additional award of $ 5,000,000 ( Five Million Dollars) in punitive damages.

11. Declarative Judgment pursuant to 28 U.S.C Sections 2201 and 2202 declaring the following:

a) That defendants violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

b) That defendants violated the First Amendment to the United States Constitution;

c) That plaintiff Luisa Devers Abreu was deprived of her liberty and property in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d) That the State Judges deprived plaintiffs of their First Amendment rights by denying the right to petition to the

government for redress of grievances and by denying plaintiffs

access to the courts by depriving plaintiffs of their right

to appeal.

e) That the State Judges and Commissioner of NYC Social Services

violated New York State Mental Hygiene Law Sections 81.07(d)

(2)(i) and 81.07(b).

f) That the Judgment and Order entered by the State Court on

July 21, 2000, declaring plaintiff Luisa Devers Abreu an

incapacitated person and appointing guardians of her person and

property is null and void for lack of personal jurisdiction.

g) That the Durable Power of Attorney signed by plaintiff

Luisa Devers Abreu on March 10, 1998, is null and void for fraud;

i) That the Agreement made by defendants ABM Management Corp.,

and 376 Autumn Ave. Corp., on March 11,1998, is null and void;

j) That defendant St. Mary's Hospital of Brooklyn deprived

plaintiff Luisa Devers Abreu of her liberty during June 30,2001,

and September 1, 2001.

k) That plaintiff Luisa Devers Abreu is entitled to restitution

of her liberty and her property;

l) That plaintiff Luisa Devers Abreu is entitled to 100% of

the shares of 376 Autumn Ave. Corporation;

m) That plaintiff Luisa Devers Abreu is entitled to the balance

under Account No.690-3034090 with the Bank of New York;

n) That plaintiff Luisa Devers Abreu is entitled to cancellation

of the Notice of Pendency recorded with the Clerk of the County

of Kings on July 14,2000;

o) Removing defendants Prospero Amaro and Laura Rand as President and Secretary of 376 Autumn Ave. Corporation.

p) Declaring that plaintiff Luisa Devers Abreu is fully able to care for her personal needs and fully able to manage her property and money.

q) Revoking the Last Will and Testament From Luisa Devers Abreu to Prospero Amaro dated March 10, 1998.

r) Revoking the Health Care Proxy from Luisa Devers Abreu to Prospero Amaro dated March 10, 1998.

s) Revoking the Living Will from Luisa Devers Abreu to Prospero Amaro dated March 10, 1998.

t) Ordering the transfer of all books, records, documents, letters, and bills belonging to 376 Autumn Ave. Corp, to plaintiff Luisa Devers Abreu or to her designated representative.

12. Entry of a preliminary and permanent injunctions restraining and enjoining the following:

a) Restraining and enjoining defendants Hon. Michael L. Pesce and any other justice of the Supreme Court of the State of New York, County of Kings, from performing or taking any further acts or proceedings in or in connection with the pending action;

b) Restraining and enjoining defendants Dagmar Plaza, Esq., Prospero Amaro, Laura Rand, NYC Commissioner of Human Resources Administration Verna Eggleston, The Bank of New York, ABM Management Corp., 376 Autumn Ave. Corp., Travelers Casualty and Surety Company of America, from performing or taking any further acts, applications or proceedings in or in connection with the pending action.

24

C) Restraining and enjoining defendants 376 Autumn Ave. Corp., Prospero Amaro and Laura Rand from selling and transfering common stock of the defendant 376 Autumn Ave. Corporation.

d) Restraining and enjoining defendants 376 Autumn Ave. Corp., AMB Management Corp., Prospero Amaro, Laura Rand and Dagmar Plaza,Esq., from making any repairs or alterations to the subject property located at 376 Autumn Ave., Brooklyn,New York 11208.

13. Granting plaintiffs the costs and disbursements of this action.

14. Granting plaintiffs a reasonable amount in attorneys fees pursuant to 42 U.S.C. Section 1988.

15. Granting plaintiffs such additional and further relief as in the judgment of this court deems just, proper, and equitable.

16. Plaintiffs have no other adequate remedy at law.

17. No previous application has been made for the relief herein requested.

Dated: Brooklyn, New York

   March 15, 2002    Respectfully submitted,

            LUISA DEVERS ABREU
            PLAINTIFF PRO SE
            376 AUTUMN AVE., APT.B-4
            BROOKLYN, NEW YORK 11208
            TEL.(718) 647-6124

            JESUS BERRIOS
            PLAINTIFF PRO SE
            1049 LIBERTY AVE.
            BROOKLYN, NEW YORK 11208
            TEL.(718) 827-0730

TO:

HON. LEONARD SCHOLNICK
JUSTICE OF THE SUPREME COURT
COUNTY OF KINGS
360 ADAMS STREET
BROOKLYN, NEW YORK 11201

HON: MICHAEL L. PESCE
ADMINISTRATIVE JUDGE
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
360 ADAMS STREET
BROOKLYN, NEW YORK 11201

HON. ELIOT SPITZER
NEW YORK STATE ATTORNEY GENERAL
120 BROADWAY
NEW YORK, NEW YORK 10271

HON. MICHAEL A. CARDOZO
NYC CORPORATION COUNSEL
60 JOHN STREET
NEW YORK, NEW YORK 10038

HON. VERNA EGGLESTON
COMMISSIONER,
NYC HUMAN RESOURCES ADMINISTRATION
180 WATER STREET
NEW YORK, NEW YORK 10038

DAGMAR PLAZA, ESQ.
26 COURT STREET, SUITE 1402
BROOKLYN, NEW YORK 11242

LAURA RAND
220-55  46th STREET
BAYSIDE, NEW YORK 11261

PROSPERO AMARO
75 EAST 60TH STREET
HIALEAH, FLORIDA 33013

THE BANK OF NEW YORK
1 WALL STREET
NEW YORK, NEW YORK 10015

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA
75 TOWN CENTRE DR.
ROCHESTER, NEW YORK 14623

ST. MARY'S HOSPITAL OF BROOKLYN
OFFICE OF THE ADMINISTRATOR
170 BUFFALO AVE.
BROOKLYN,NEW YORK 11213

376 AUTUMN AVE. CORPORATION
310 NORTHERN BOULEVARD, SUITE G
GREAT NECK, NEW YORK 11021

ABM MANAGEMENT CORP.
310 NORTHERN BOULEVARD, SUITE G
GREAT NECK, NEW YORK 11021

WCB2

Standard N.Y.B.T.U. Form 8002 •

—Bargain and Sale Deed, with Covenant against Grantor's Acts—Individual or Corporation (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

**THIS INDENTURE,** made the 28 TH day of JULY , nineteen hundred and eighty-six

**BETWEEN**   MIGUEL A. FELICIANO, residing at 1055 Liberty Avenue,

Brooklyn, New York, 11208,

party of the first part, and   LUISA DEVERS ABREU, residing at 1062 Liberty Avenue,

Brooklyn, New York, 11208.

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the   Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Westerly side of Autumn Avenue (formerly Railroad Avenue) distant 35 feet 1/15 of an inch Northerly from the corner formed by the intersection of the Westerly side of Autumn Avenue with the Northerly side of Weldon Street;

RUNNING THENCE Westerly parallel with Weldon Street and part of the distance through a party wall, 97 feet 2 1/2 inches to th  rear line of Lot Number 111, as laid down on a certain map entitled, "Map of Belleplain, adjacent to East New York surveyed and drawn by P.G. Van Alst, City Surveyor, Brooklyn", and filed in the in the Town of New Lots, Kings County, Long Island, belonging to Samuel J. Stewart Office of the Register of the County of Kings on December 9, 1864 as Map Number 715;

THENCE Northerly at right angles to Weldon Street and along the rear line of Lots Numbers 111 and 110 as laid down on said map, 39 feet 11 7/8 inches;

THENCE Easterly parallel with Weldon Street, 97 feet 10 3/4 inches more or less to the Westerly side of Autumn Avenue;

THENCE Southerly along said Westerly side of Autumn Avenue, 39 feet 11·15/16 inches more or less to the point or place of BEGINNING.

SAID PREMISES being known as 376 Autumn Avenue, Brooklyn, New York.

SUBJECT to a Purchase Money Mortgage executed and recorded simultaneously herewith.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

356 Fulton Street
Brooklyn, NY 11201-5104

**Fulton**
1 (800) 55-GREEN



August 13, 1998

Luisa Devers Abreu
376 Autumn Avenue #B4
Brooklyn, NY  11208-2928

Dear Ms. Devers Abreu:

On February 26, 1998, there were the following accounts in the name of, Luisa Devers
Abreu:

| Account # | Balance: |
|-----------|----------|
| 6630228366 | $105,688.88 |
| 6630240403 | 550.52 |

Thank you for banking with GreenPoint Bank.

Sincerely,

Eloina Roman
Assistant Branch Manager

| DATE | WITHDRAWAL | DEPOSIT | INTEREST | BALANCE | TELLER I.D. |
|------|-----------|---------|----------|---------|-------------|
| 11/03/97 | | $493.00 | | $29,795.55 | NBD0000000 |
| 11/30/97 | | | $36.71 | $29,832.26 | INT0000000 |
| 12/03/97 | | $493.00 | | $30,325.26 | NBD0000000 |
| 12/17/97 | $10,000.00 | | | $20,325.26 | WD 0090351 |
| 12/31/97 | | | $32.45 | $20,357.71 | INT0000000 |
| 01/02/98 | | $504.00 | | $20,861.71 | NBD0000000 |
| 01/13/98 | | $1,107.50 | | $21,969.21 | NBD0056202 |
| 1/26/98 | | $215.00 | | $22184.21 | 90310 |
| 1/28/98 | | $1037.50 | | $23221.71 | |
| 01/31/98 | | | $27.75 | $23,249.46 | INT0000000 |
| 02/03/98 | | $504.00 | | $23,753.46 | NBD0000000 |
| 02/20/98 | | $770.00 | | $24,523.46 | CK 0090310 |
| 02/20/98 | | $500.00 | | $25,023.46 | DEP0090303 |
| 02/28/98 | | | $27.78 | $25,051.24 | INT0000000 |
| 03/03/98 | | $504.00 | | $25,555.24 | NBD0000000 |
| 03/09/98 | $20,000.00 | | | $5,555.24 | WD 0090303 |
| 03/31/98 | | | $13.62 | $5,568.86 | INT0000000 |
| 04/03/98 | | $504.00 | | $6,072.86 | NBD0000000 |
| 04/08/98 | $6,072.86 | | | $0.00 | WD 0090306 |



# DURABLE GENERAL POWER OF ATTORNEY

*(Caution: This is an important document.  Before signing this document you should know these important facts.  The purpose of this power of attorney is to give the person whom you designate (your "agent") broad powers to handle your property during your lifetime, which may include powers to mortgage, sell, or otherwise dispose of any real or personal property without advance notice to you or approval by you. These powers will continue to exist even after you become disabled, incapacitated, or incompetent.  These powers that you give your agent are explained more fully in New York General Obligations Law, Article 5, Title 15, Sections 5-1502A through 5-1503, which expressly permit the use of any other or different form of Power Of Attorney.*

*This document does not authorize anyone to make medical or other health care decisions for you. You may execute a Health Care Proxy to do this.*

*If there is anything about this form that you do not understand, you should ask a lawyer to explain it to you .)*

**Know All Men by These Presents,** *this is intended to constitute a GENERAL POWER OF ATTORNEY pursuant to Article 5, Title 15 of the New York General Obligations Law:*

*That I,* **LUISA DEVERES ABREU,**

*residing at: 376 Autumn Avenue Apt. B4 Brooklyn, NY 11208*

*do hereby appoint:* **PROSBERO AMARO,**

*residing at: 75 East 60th Street Hialeah, FL 33013*

*(if one person is to be appointed agent, insert the name and address of your agent above)*

*(If two or more persons are to be appointed agents by you insert their names and addresses above)*

## MY ATTORNEY(S)-IN-FACT TO ACT

*(if more than one agent is designated,* **CHOOSE ONE** *of the following two choices by putting your initials in* **ONE** *of the blank spaces to the left of your choice:)*

(     ) *Each agent may* **SEPARATELY** *act.*
(     ) *All agents must act* **TOGETHER.**

**IN MY NAME, PLACE AND STEAD** *in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:*

Page 1 of 5

*(DIRECTIONS: Initial in the blank space to the left of your choice any one or more of the following lettered subdivisions as to which you WANT to give your agent authority. If the blank space to the left of any particular lettered subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for the matters that are included in that subdivision. Alternatively, the letter corresponding to each power you wish to grant may be written or typed on the blank line in subdivision "(Q)", and you may then put your initials in the blank space to the left of subdivision "(Q)" in order to grant each of the powers so indicated)*

( ⟋ D A (A) real estate transactions;

( D A (B) chattel and goods transactions;

( D A (C) bond, share and commodity transactions;

( D A (D) banking transactions;

( D A (E) business operating transactions;

( D A (F) insurance transactions;

L D A )(G) estate transactions;

L D A )(H) claims and litigation;

L D A )(I) personal relationships and affairs;

L D A )(J) benefits from military service;

L D A )(K) records, reports and statements;

L D A )(L) retirement benefit transactions (including but not limited to Individual Retirement Accounts, rollovers, and voluntary contributions);

L D A ) (M) making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $10,000 to each of such persons in any year;

L D A ) (N) tax matters ( including but not limited to: prepare, execute and file all income tax, gift tax, Social Security or Unemployment Insurance and information returns required by the laws of the United States or of any State or subdivision thereof; to confer with revenue agents; to prepare, execute and file refund claims; to collect any tax refunds from the United States or any State or subdivision thereof; to execute agreements extending the statute of limitations; to represent me or obtain representation for me before the Tax Court of the United States or any other Court in connection with all income tax, gift tax, Social Security and Unemployment Insurance taxes required by the laws of the United States or any State or subdivision thereof; that I could do in my own person;

L D A (O) All other matters;

L D A (P) full and unqualified authority to my attorney(s)-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select;

L D A ) (Q) each of the above matters identified by the following letters:

....................................................................................................................

....................................................................................................................

*(Special provisions and limitations may be included in the statutory short form durable power of attorney only if they conform to the requirements of section 5-1503 of the New York General Obligations Law.)*

Page 2 of 5

(R) to access safe deposit boxes;

(S) to make loans and forgive debts;

(T) buy-sell agreements;

(U) statutory elections, disclaimers;

(V) Social Security matters including but not limited to Medicare; Medical Assistance (Medicaid) and all other government benefits or entitlements including but not limited to Veteran's benefits and life insurance) and to deal with the agencies that administrate such programs;

(W) to disclaim or renounce any property interest pursuant to Internal Revenue Code, Section 2518 or Section 2-1.11 of the Estates, Powers and Trusts Law of the State of New York or any similar successor law;

(X) to waive benefits and/or elect out of survivor annuity payment(s) under Section 417 of the Internal Revenue Code and the regulations promulgated thereunder;

(Y) to make gifts including but not limited to (M) above and to my attorney(s)-in-fact; the power to make gifts in the pattern I have used in my lifetime;

(Z) to change the domicile of the principal for any and all purposes;

(a) I hereby designate my said attorney(s)-in-fact to serve as the guardian of my person and property, to serve without bond, in the event that I shall be declared unable to manage my own affairs pursuant to Article 81 of the Mental Hygiene Law of the State of New York or any statute corresponding thereto;

(b) My attorney(s)-in-fact is authorized to act as my surrogate for all decisions which may be delegated to a surrogate under the provisions of Article 29-B of the Public Health Law of the State of New York.

This durable Power of Attorney shall not be affected by my subsequent disability, incapacitation, or incompetence.  If every agent above is unable or unwilling to serve,

I appoint: **PROSBERO AMARO JR.,**
residing at: 3106 West 74th Street Hialeah, FL 33018
AND

residing at:
(if more than one agent is designated, **CHOOSE ONE** of the following two choices by putting your initials in **ONE** of the blank spaces to the left of your choice:)

(      ) Each agent may **SEPARATELY** act.
(      ) All agents must act **TOGETHER.**

(if neither blank space is initialed, the agents will be required to act together)

Page 3 of 5

If, for any reason, any provision of this **POWER OF ATTORNEY** is determined not to be legally valid in any regard, or if any such provision is determined not to conform to the requirements of Section 5-1503 of the New York General Obligations Law, I direct that the provision be deemed severable and that all other provisions be deemed binding and effective and that each provision nonetheless be honored to the fullest extent possible by my attorney(s)-in-fact, and others, as the expression of my will.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE GENERAL POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

The Powers granted under (A)or(B) above are enlarged so that all fixtures and articles of personal property which at the time of such transaction are or which may thereafter be attached to or used in connection with the real property may be included in the deeds, mortgages, agreements and any other instruments to be executed and delivered in connection with real estate transactions and which may be described in said instruments with more particularity.

I will NOT question the sufficiency of any instrument executed by my attorney(s)-in-fact pursuant to this power, notwithstanding that the instrument fails to recite the consideration therefor, or recites merely a nominal consideration; any person dealing with the subject matter of such instrument may do so as if full consideration therefor had been expressed therein;

**IN WITNESS WHEREOF** I have hereunto signed my name this 10 day of March 1998.

*Luisa Deveres abreu*
LUISA DEVERES ABREU

Page 4 of 5

Note: *The statute requires that this instrument be duly acknowledged by the principal in the manner prescribed for the acknowledgment of a conveyance of real property.*

*STATE OF NEW YORK, COUNTY OF   NASSAU   ss.:*

*On the 10th day of March ,nineteen hundred and 98  before me personally came LUISA DEVERES ABREU  to me known to be the individual described in and who executed the foregoing instrument, and she acknowledged that she executed same.*

_(Notary Public)_

DAVID L. GAFFNER
Notary Public, State of New York
No. 30-4708432
Qualified in Nassau County
Commission Expires July 31, 19 99

Page 5 of 5

# MANAGEMENT AGREEMENT

**AGREEMENT** made as of this 11th day of March, 1998, between Laura Rand, hereinafter called "Owner) having an office at 220-55 46th Avenue, Apt. 12-F, Bayside, NY, 11361, and ABM MGMT. CORP., a New York Corporation (hereinafter called "Agent"), having an office at 310 Northern Blvd., Great Neck, New York 11021, telephone number (516) 482-2155.

### W I T N E S S E T H :

**IN CONSIDERATION** of the terms, conditions and covenants hereinafter set forth, the parties mutually agrees as follows:

1.     CREATION OF EXCLUSIVE AGENCY:  The Owner appoints Agent and Agent accepts appointment, to provide professional real property management services on the terms and conditions hereinafter provided, as the exclusive managing agent of:

> 16 family house located at
> 376 Autumn Avenue
> Brooklyn, NY 11208

2.     MANAGERIAL PERSONNEL:  Agent shall supply at its expense, all necessary off-site administration and supervisory personnel together with the Supervising Manager assigned to the Property.  Employees of Agent entrusted with the receipt and custody of Owner's monies shall be bonded by a fidelity bond with a surety in the amount of One Million Dollars (1,000,000.00).

3.     DUTIES OF AGENT:  Under the direct supervision of its principal officers, Agent shall render services and perform duties as follows:

(a)     On the basis of an operating schedule, in compliance with job standards and wage rates to be approved by Owner on the recommendation of Agent, to investigate, hire, pay supervise and discharge the personnel necessary to be employed in order to properly maintain and operate the Property.  All such personnel shall be in the Owners employ or independent contractors.  If independent contactors are engaged, Owner shall not be responsible for providing workers compensation coverage for any such personnel.

(b)     Maintain businesslike relations with residents, whose service requests shall be received, considered and acted upon and recorded in a systematic fashion in order to show the action taken with respect to each.  Complaints of a serious nature, shall, after investigation, be reported to Owner with appropriate recommendations.

AUGUST 21, 2001

TO

ERNEST BAPTISTE

ADMINISTRATOR OF

ST. MARY'S HOSPITAL OF BROOKLYN

170 BUFFALO AVE.

BROOKLYN, NEW YORK 11213

DEAR MR. BAPTISTE:

DURING THE MONTH OF JUNE,2001, I CAME VOLUNTARILY TO THE HOSPITAL FOR MEDICAL TREATMENT. I WAS OPERATED AND A PACEMAKER WAS INSERTED IN MY CHEST. AT PRESENTLY I AM TAKING SOME MEDICATIONS AND TWO EYE DROPS EVERY DAY FOR MY EYES. THESE MEDICATIONS AND DROPS CAN BE TAKEN AT HOME. ACCORDING TO THE MEDICAL RECORDS OF THIS HOSPITAL I WAS DISCHARGED FROM THE HOSPITAL ON JUNE 30, 2001. I HEREBY REQUEST THE HOSPITAL TO INFORM ME IN WRITING THE REASONS FOR NOT DISCHARGING ME ON JUNE 30,2001. I WILL NOT BE RESPONSIBLE FOR THE MEDICAL BILL AFTER JUNE 30,2001.

I HEREBY REQUEST MY IMMEDIATE RELEASE FROM THE HOSPITAL PURSUANT TO NEW YORK STATE MENTAL HYGIENE LAW SECTIONS 9.13 and 9.15. PLEASE TAKE NOTICE THAT THIS LETTER CONSTITUTES MY DEMAND FOR DISCHARGE. THANK YOU VERY MUCH FOR YOUR COURTESY AND COOPERATION IN THIS MATTER.

RESPECTFULLY REQUESTED,

LUISA DEVERS ABREU

ST. MARY'S HOSPITAL OF BROOKLYN

170 BUFFALO AVE.

BROOKLYN, NEW YORK 11213,ROOM 625

Executive Asst.

8:21:01

1/10

At I.A.S. Part  76 of the
Supreme Court of the State of
New York, held in and for the
COUNTY OF KINGS, at the
Courthouse located at 111
Livingston Street, Brooklyn,
New York, on the *15TH* day of
*DECEMBER*___, 1999.

P R E S E N T : HON. LEONARD SCHOLNICK
              Justice of the Supreme Court

In the Matter of the Application of
JASON A. TURNER, as Commissioner of the
Department of Social Services of the
City of New York,

                          Petitioner,

For the Appointment of a Guardian of the
Personal Needs and Property Management
of

   LUISA DEVERS-ABREU, aka LUISA ABREU

A Person Alleged to be Incapacitated,
                          Respondent.

**SUPPLEMENTAL
ORDER TO SHOW
CAUSE**

Index No.:
107252/99

# IMPORTANT

# AN APPLICATION HAS BEEN FILED IN COURT BY THE COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK WHO BELIEVES YOU MAY BE UNABLE TO TAKE CARE OF YOUR PERSONAL NEEDS OR FINANCIAL AFFAIRS.  THE

*Supplemental Order to Show Cause - 1*

COMMISSIONER IS ASKING THAT SOMEONE BE APPOINTED TO MAKE DECISIONS FOR YOU. WITH THIS PAPER IS A COPY OF THE APPLICATION TO THE COURT SHOWING WHY THE COMMISSIONER BELIEVES YOU MAY BE UNABLE TO TAKE CARE OF YOUR PERSONAL NEEDS OR FINANCIAL AFFAIRS. BEFORE THE COURT MAKES THE APPOINTMENT OF SOMEONE TO MAKE DECISIONS FOR YOU THE COURT HOLDS A HEARING AT WHICH YOU ARE ENTITLED TO BE PRESENT AND TO TELL THE JUDGE IF YOU DO NOT WANT ANYONE APPOINTED. THIS PAPER TELLS YOU WHEN THE COURT HEARING WILL TAKE PLACE. IF YOU DO NOT APPEAR IN COURT, YOUR RIGHTS MAY BE SERIOUSLY AFFECTED.

YOU HAVE THE RIGHT TO
DEMAND A TRIAL BY JURY.
YOU MUST TELL THE COURT IF
YOU WISH TO HAVE A TRIAL BY
JURY.  IF YOU DO NOT TELL
THE COURT, THE HEARING WILL
BE CONDUCTED WITHOUT A
JURY.  THE NAME, ADDRESS,
AND TELEPHONE NUMBER OF THE
CLERK OF THE COURT ARE:

GEORGE CROWLEY, N.Y.
SUPREME COURT OF KINGS
COUNTY, IAS PART 76, ~~111~~ 210
~~JOBALEMON~~ ~~LIVINGSTON~~ STREET,
BROOKLYN, NEW YORK, TEL.
(718) 643-5790.

THE COURT HAS APPOINTED A
COURT EVALUATOR TO EXPLAIN
THIS PROCEEDING TO YOU AND
TO INVESTIGATE THE CLAIMS
MADE IN THE APPLICATION.
THE COURT MAY GIVE THE
COURT EVALUATOR PERMISSION

*Supplemental Order to Show Cause - 3*

TO INSPECT YOUR MEDICAL, PSYCHOLOGICAL, OR PSYCHIATRIC RECORDS. YOU HAVE THE RIGHT TO TELL THE JUDGE IF YOU DO NOT WANT THE COURT EVALUATOR TO BE GIVEN THAT PERMISSION. THE COURT EVALUATOR'S NAME, ADDRESS, AND TELEPHONE NUMBER ARE:

DAGMAR PLAZA
26 COURT STREET
BROOKLYN, NEW YORK, 11242
(718) 802-1200

YOU ARE ENTITLED TO HAVE A LAWYER OF YOUR CHOICE REPRESENT YOU. IF YOU WANT THE COURT TO APPOINT A LAWYER TO HELP YOU AND REPRESENT YOU, THE COURT WILL APPOINT A LAWYER FOR YOU. YOU WILL BE REQUIRED TO PAY THAT LAWYER UNLESS YOU DO NOT HAVE THE MONEY

*Supplemental Order to Show Cause - 4*

# TO DO SO.

On reading and filing the annexed petition of JASON A. TURNER, as Commissioner of Social Services of the City of New York, duly verified the 15th day of December, 1999, and the affirmation of GRACE GORHAM, M.D., dated the 19th day of August, 1999, and the other documents annexed hereto from which it appears that LUISA DEVERS-ABREU, an allegedly incapacitated person, is unable to provide for her personal needs and manage her property and financial affairs and that person is incapacitated as defined in Section 81.02(d) of the Mental Hygiene Law;

LET LUISA DEVERS-ABREU, the allegedly incapacitated person, PROSBERO AMARO, BARRY MANSON, MARK L. JACOBS, and the Court Evaluator hereinafter named, show cause at an I.A.S. Part 76, Room ~~1007~~ 556, of this Court, to be held at the Courthouse located at ~~111 Livingston~~ 36 ADAMS Street, Brooklyn, New York, on the 10th day of JANUARY, ~~1999~~ 2000 at 9:30 in the forenoon of that day, or as soon thereafter as counsel can be heard, why an Order and Judgment should not be entered:

(a)  Appointing a Guardian of the personal needs and property management of LUISA DEVERS-ABREU; and

(b)   Granting such other and further relief as the Court deems just and proper.

At that hearing and in this proceeding you have the following rights:

    (a)   you have the right to present evidence;

    (b)   you have the right to call witnesses, including expert witnesses;

    (c)   you have the right to cross examine witnesses, including any witnesses called by the Court; and

    (d)   you have the right to be represented by a lawyer of your own choice.

If a Guardian is appointed for you, the Guardian may have the authority to exercise the following powers on your behalf:

(a)   apply for government and private benefits;

(b)   consent to or refuse generally accepted routine medical or dental treatment;

(c)   marshal income and assets;

(d)   manage your real property;

(e)   pay such bills as may be reasonably necessary to maintain you;

(f)   defend or maintain any civil judicial proceeding, expressly including but not limited to claims by or against

*Supplemental Order to Show Cause - 6*

any of the following: **Esther Davis, Leonardo Costa, PROSBERO AMARO**, Andrea Rodriguez, **BARRY MANSON, MARK L. JACOBS, ARCA** Construction, and any tenant of the property at 376 Autumn Avenue, Brooklyn, New York.

(g)  retain counsel and/or an accountant subject to Court approval of fees;

(h)  pay funeral expenses;

(i)  pay bills after death if incurred prior to death and if authority to pay such bills would otherwise have existed

*Supplemental Order to Show Cause - 7*

SUFFICIENT CAUSE APPEARING...

ORDERED, that DAGMAR PLAZA, at 26 Court Street, Suite 1402, Brooklyn, NY 11242; Phone: (718) 802-1200 ; Fax: (718)852-8346; upon filing her consent and affidavit of responsibility be and hereby is appointed Court Evaluator herein to explain this proceeding to LUISA DEVERS-ABREU, and to investigate the claims made in the application ; and it is further

ORDERED, that answering papers, if any, and the written report of the Court Evaluator shall be served upon petitioner at least five (5) days prior to the return date herein; and it is further

ORDERED, that this Order to Show Cause, and the papers upon which it is granted, shall be served upon  LUISA DEVERS-ABREU, the allegedly incapacitated person, by personally delivering them to LUISA DEVERS-ABREU not less than fourteen (14) days prior to the return date of the Order to Show Cause and if LUISA DEVERS-ABREU, the allegedly incapacitated person, is not served at her residence, a copy of this Order to Show Cause, and the papers upon which it is granted, shall also be left at her residence with a person of suitable age and discretionhowever, if upon three attempts of such service prior to that date such service is

*Supplemental Order to Show Cause - 8*

not perfect, the petitioner shall be deemed to be unable with due diligence to make service by personal delivery upon the allegedly incapacitated person within the state, and that service of this Order to Show Cause and the papers upon which it is granted shall be made by delivering a copy thereof at the residence of the said allegedly incapacitated person, SOCCORRO SALAZAR, at 126 Sterling Place, Apartment 38, Brooklyn, New York 11217, with a person of suitable age and discretion if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance acannot be so obtained, nor such person found, by affixing the same to the outer or other door of the allegedly incapacitated' person's said residence and by depositiing another copy thereof, properly enclosed in a sealed postpaid wrapper, addressed to said SOCCORRO SALAZAR at her aforesaid place of residence, in any post-office or other depositaryt under the exclusive care and custody of the United States Post Office Department, and it is further

ORDERED, that this Order to Show Cause, and the papers upon which it is granted, shall be served by mail or by delivery to the office of the Court Evaluator within seven (7) days following the appointment of the Court Evaluator; and it is further

*Supplemental Order to Show Cause - 9*

ORDERED, that this Order to Show Cause, and the papers

upon which it is granted, shall be personally served or

served by mail upon PROSBERO AMARO, BARRY MANSON, and MARK

L. JACOBS, no less than fourteen (14) days prior to the

return date of the Order to Show Cause; and it is further

ORDERED, that the Court Evaluator appointed herein

shall comply with Part 36 of the Rules of the Chief Judge

and file the certificate required by Section 36.1(d) and the

notice of appointment required by Section 36.3 of the Rules

of the Chief Judge.

E N T E R :

_____

J.S.C.

*Supplemental Order to Show Cause - 10*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     : ss:
COUNTY OF QUEENS     )

    **RAFAEL MOREL** being duly sworn, deposes and says:

    That I am not a party to this action and am over the age of eighteen (18) years and reside in Corona, New York.

    That on the 15th day of December, 1999 I served the

### ORDER TO SHOW CAUSE and PETITION

    upon the following parties by depositing a true copy of the same securely enclosed in a post-paid wrapper in an Official Depository maintained and exclusively controlled by the United States, directed to the said individuals at:

        LUISA DEVERS-ABREU
        aka LUISA ABREU
        376 Autumn Avenue
        Brooklyn, New York 11208

    That being the address within the State designated by them for the purpose of service upon them of the preceding papers in this action, or the place where they then kept an office which place there then was and now is a regular communication by mail.

                                **RAFAEL MOREL**

Sworn to before me, this
15th day of December, 1999

    NOTARY PUBLIC

      NOTARY PUBLIC
     STATE OF NEW YORK
      JOANN HERNANDEZ
     NO: 01HE6013621
MY APPOINTMENT EXPIRES SEPT. 21, 2001

## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
### HARTFORD, CT. 06183

## ATTORNEY-IN-FACT JUSTIFICATION
## PRINCIPAL'S ACKNOWLEDGMENT — IF A CORPORATION

of New York, County of **KINGS** } ss.

On this **16th** day of **August**, **2000**, before me personally appeared **DAGMAR PLAZA** to me known, who, being by me duly sworn, deposes and says: That he/she resides in the City of **New York** of **Luisa Devers-Abreu**, the that he/she is the **Guardian of the Property** corporation described in and which executed the within instrument; that he/she knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he/she signed his/her name thereto by like order.

## PRINCIPAL'S ACKNOWLEDGMENT — IF INDIVIDUAL OR FIRM

State of New York, County of **KINGS** } ss.

On this **16th** day of **August**, **2000**, before me personally appeared **DAGMAR PLAZA** to me known to be (the individual) (one of the firm) ) described in and who executed the within instrument, and he/she thereupon duly acknowledged to me that he/she executed the same (as the act and deed of said firm).

x _Kayvonne Lyons_

**KAYVONNE LYONS**
Notary Public, State of New York
No. 01LY6035863
Qualified in New York County
Commission Expires 1-10-02

## SURETY COMPANY'S ACKNOWLEDGMENT

State of New York } ss.:

County of .....**NY**.....

On the .**15th**. day of **AUGUST** in the year **2000** before me, the undersigned, personally appeared **WILLIAM J. PEDERSON** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**ALAN J. STEINBERG**
Notary Public, State of New York
No. 31-4939079
Qualified in New York County
Commission Expires August 15, 19—
2001

## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
Hartford, Connecticut 06183

### FINANCIAL STATEMENT AS OF DECEMBER 31, 1999
### AS FILED WITH THE INSURANCE DEPT. OF THE STATE OF NEW YORK
### CAPITAL STOCK $ 6,000,000

| ASSETS | | LIABILITIES | |
|---|---:|---|---:|
| Cash & Invested Cash | $ 32,861,608 | Unearned Premiums | $ 151,365,135 |
| Bonds | 1,021,084,755 | Losses | 261,237,044 |
| Stock | 36,031,758 | Loss Adjustment Expenses | 73,915,856 |
| Other Invested Assets | 17,761,265 | Accrued Expenses and other | |
| Investment Income Due | | Liabilities | 147,509,717 |
| and Accrued | 15,331,517 | Provision for Reinsurance | 11,084,820 |
| Premium Balances | 23,292,453 | | |
| Reinsurance Recoverable | 5,282,832 | Total Liabilities | 645,112,572 |
| Federal Income Tax Recoverable | - | | |
| Receivable for Securities | 2,831,655 | Capital Stock | 6,000,000 |
| Other Assets | 360,800 | Paid in Surplus | 198,297,402 |
| | | Other Surplus | 305,428,668 |
| | | Surplus to Policyholders | 509,726,070 |
| Total | $ 1,154,838,643 | Total | $ 1,154,838,643 |

Securities carried at $14,238,049 in the above statement are deposited with public authorities, as required by law.

# TRAVELERS CASUALTY AND SURETY COMPANY
## OF AMERICA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **KINGS**

------------------------------------------------------------

In the Matter of the Application of
JASON A. TURNER, as Commissioner of the
Department of Social Services of the
City of New York,

                                    Petitioner,

For the Appointment of a Guardian of the
Personal Needs and Property Management
of

    LUISA DEVERS-ABREU, aka LUISA ABREU

A Person Alleged to be Incapacitated,

                                    Respondent.

------------------------------------------------------------

**BOND NO. 103349837**

**GUARDIAN'S BOND**

*INDEX NO.  107252/99*

*SUPREME COURT
KINGS COUNTY
BOND APPROVED
DATE: 3/5/01
INITIALS:
Dwc*

KNOW ALL MEN BY THESE PRESENT:

That we, **DAGMAR PLAZA, Esq., 26 Court Street, Suite 1402, Brooklyn, NY 11242,** as principal, and *TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,* having an office and principal place of business for the State of New York at 1080 Pittsford—Victor Road, Suite 202, Pittsford, NY 14534 as Surety, are held and firmly bound unto **LUISA DEVERS-ABREU, aka LUISA ABREU, an incapacitated person,** in the sum of *FOUR HUNDRED SIXTY NINE THOUSAND AND 00/100 ($469,000.00) DOLLARS* lawful money of the United States, to be paid to the said **LUISA DEVERS-ABREU, aka LUISA ABREU, an incapacitated person,** her heirs, executors or administrators; for which payment, well and truly to be made, the said **Guardian** binds herself, her heirs, executors and administrators and the said Surety binds itself, its successors and assigns, jointly and severally, firmly by these presents.

Sealed with our seals and dated the **15th** day of **August 2000**.

Whereas by a resettled order of the above-entitled Court, made at I.A.S. Part 76 thereof, on the 21st day of July, 2000, the above named **DAGMAR PLAZA, Esq.,** was duly appointed **Guardian** of the property management of the said **LUISA DEVERS-ABREU, aka LUISA ABREU,** an incapacitated person.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the above **DAGMAR PLAZA, Esq.,** shall in all things faithfully discharge the trust reposed in her as Guardian of the property management of the said **LUISA DEVERS-ABREU, aka LUISA ABREU, an incapacitated person,** and obey all lawful directions of the said Court, touching the trust, and shall in all respects, render a just and true account of all moneys and other property received by her, and of the application thereof, and of her whenever required so to do by a Court of competent jurisdiction, then this obligation to be void; otherwise, to remain in full force and virtue.

_____ LS
**DAGMAR PLAZA, Esq.**

*TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA*

_____
**WILLIAM J. PEDERSEN
ATTORNEY-IN-FACT**

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
**TRAVELERS CASUALTY AND SURETY COMPANY**
**FARMINGTON CASUALTY COMPANY**
Hartford, Connecticut 06183-9062

## POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

**KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY** and **FARMINGTON CASUALTY COMPANY,** corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford, County of Hartford, State of Connecticut, (hereinafter the "**Companies**") hath made, constituted and appointed, and do by these presents make, constitute and appoint: **Carolyn Offenhartz, William J. Pedersen,** of **New York, New York,** their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge, at any place within the United States, or, if the following line be filled in, within the area there designated the following instrument(s): by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto

**and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified and confirmed.**

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions are now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority.

**This Power of Attorney and Certificate of Authority is signed and sealed by facsimile under and by authority of the following Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY** and **FARMINGTON CASUALTY COMPANY, which Resolution is now in full force and effect:**

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY have caused this instrument to be signed by their **Senior Vice President**, and their corporate seals to be hereto affixed this 1st day of June, 2000.

STATE OF CONNECTICUT

}SS. Hartford

COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY



By _____

**George W. Thompson**
**Senior Vice President**

On this 1st day of June, 2000 before me personally came **GEORGE W. THOMPSON** to me known, who, being by me duly sworn, did depose and say:  that he/she is **Senior Vice President** of **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY** and **FARMINGTON CASUALTY COMPANY,** the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.



My commission expires June 30, 2001  Notary Public
**Marie C. Tetreault**

CERTIFICATE

I, the undersigned, **Assistant Secretary** of **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY** and **FARMINGTON CASUALTY COMPANY,** stock corporations of the State of Connecticut, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut.  Dated this /5ᵗʰ day of
Av 4 v s T                , 2000.



By _____

**Kori M. Johanson**
**Assistant Secretary, Bond**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: IAS PART 76

In the Matter of the Application of JASON A. TURNER, as
Commissioner of Social Services of the City of New York,
Petitioner,

For the Appointment of a Guardian for Personal Needs and
Property Management of

LUISA DEVERS-ABREU, a/k/a LUISA ABREU,

A Person Alleged to be Incapacitated,

Respondent.

**NOTICE OF ENTRY**

Index No.: 107252/99

PLEASE TAKE NOTICE that the within is a true copy of an Order duly entered in the
office of the Clerk of the within named court on the 21st day of July, 2000

Dated: Brooklyn, New York
August 4, 2000

Yours, etc.

*Dagmar Plaza*

DAGMAR PLAZA
Court Evaluator
26 Court Street, Suite 1402
Brooklyn, New York 11242
(718) 802-1200

To: Ralph M. Young, Esq.
Attorney for the Petitioner
180 Water Street, 16th Floor
New York, New York 10038

Laura Rand
220-55 46th Street
Bayside, New York 11261

Clifford A. Meirowitz, Esq.
36 West 44th Street
New York, New York 10036

Barry Manson, Esq.
ABM Management Corp.
310 Northern Boulevard, Suite G
Great Neck, New York 11021

Prosbero Amaro
75 East 60th Street
Hialeah, Florida 33013

Elizabeth Bonina, Esq.
9201 Shore Road
Brooklyn, New York 11209

At I.A.S. Part 76 of the
Supreme Court of the State of
New York, held in and for the
COUNTY OF KINGS, at the
Courthouse located at 360
Adams Street, Brooklyn, New
York, on the 21st day
July 2000

P R E S E N T : HON. LEONARD SCHOLNICK
Justice of the Supreme Court

In the Matter of the Application of
JASON A. TURNER, as Commissioner of the
Department of Social Services of the
City of New York,

                                    Petitioner,

For the Appointment of a Guardian of the
Personal Needs and Property Management
of

   LUISA DEVERS-ABREU, aka LUISA ABREU,

A Person Alleged to be Incapacitated,
                                    Respondent.

ORDER AND JUDGMENT
APPOINTING AND Committee
GUARDIANS OF
PERSONAL
NEEDS AND
PROPERTY
MANAGEMENT

Index No.:
107252/99

        An order having been duly signed by Justice Leonard
Scholnick herein at an IAS Part 76 of this Court on the 8th 15th
day of October DECEMBER 1999, directing that LUISA DEVERS-ABREU; PROSBERO
AMARO; BARRY MANSON; MARK L. JACOBS; and court evaluator
DAGMAR PLAZA show cause why a Guardian of the Person and
Property should not be appointed for LUISA DEVERS-ABREU and
granting other relief, and this matter having regularly come
on for a hearing on the 10th day of January, 2000, at which
time CLIFFORD MEIROWITZ was appointed as Court Appointed
Counsel, and the matter having been adjourned to the 10th

day of April, 2000, and adjourned again to the 8th day of May, 2000; and the parties having duly appeared on that date, and the parties having adduced their proof and it appearing therefrom to the satisfaction of this Court that the alleged incapacitated person is likely to suffer harm because the alleged incapacitated person is unable to provide for her personal needs and property management and cannot adequately understand and appreciate the nature and consequences of such inability, and the Court having made the findings required by §81.15 of the Mental Hygiene Law in a decision made on the record on the 8th day of May, 2000, and upon all the pleadings and proceedings heretofore had herein, and due deliberation having been had, now on motion of MICHAEL D. HESS, Esq., Corporation Counsel, attorney for the petitioner, it is

ORDERED AND ADJUDGED, that LUISA DEVERS-ABREU, who resides at Apartment B4, 376 Autumn Avenue, Brooklyn, NY 11208 and whose Social Security number is 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 be and hereby is determined to be a person requiring the appointment of a Guardian of the Person and Property as the Court has found that said incapacitated person is likely to suffer harm because of an inability to provide for her personal needs and property management and is unable to adequately understand and appreciate the nature and consequences of such inability; and it is further

2

ORDERED AND ADJUDGED, that the Guardian of the Person and Property of LUISA DEVERS-ABREU will be for an indefinite period; and it is further

ORDERED AND ADJUDGED, that DAGMAR PLAZA, Esq., with offices located at 26 Court Street, Suite 1402, Brooklyn, NY 11242, telephone number (718) 802-1200 is hereby appointed Guardian of Property Management of LUISA DEVERS-ABREU, upon filing with this Court, pursuant to Mental Hygiene Law §81.25 a bond in the amount of $469,000 xx ; the said Guardian will in all things faithfully discharge the trust imposed herein, obey all the directions of the Court in respect to the trust, make and render a true and just account of all monies and other properties received pursuant to the authority granted herein and the application thereof, and of all acts performed in the administration of the trust imposed herein whenever required to do so by the Court, and will file the designation required by §81.26 of the Mental Hygiene Law; and it is further

ORDERED AND ADJUDGED, that LAURA RAND, with a residence located at 220-55 46th Street, Bayside, New York 11261, telephone number (718) 843-2800, is hereby appointed Co-Guardian of the Personal Needs of LUISA DEVERS-ABREU, upon filing with this Court, pursuant to Mental Hygiene Law §81.25 a bond in the amount of _____; the said Co-Guardian of the Personal Needs will in all things

*[handwritten annotations:]* PROSBERO AMARO WITH A RESIDENCE LOCATED AT 75 EAST 60TH STREET HIALEAH, FLORIDA 33013 TELEPHONE # (305) 558-6086 ARE

*[handwritten initials in left margin:]* JSC

3

faithfully discharge the trust imposed herein, obey all the directions of the Court in respect to the trust, ~~make and render a true and just account of all monies and other properties received~~ pursuant to the authority granted herein and the application thereof, and of all acts performed in the administration of the trust imposed herein whenever required to do so by the Court, and will file the designation required by §81.26 of the Mental Hygiene Law; and it is further

ORDERED AND ADJUDGED, that PROSBERO AMARO, with a residence located at 75 East 60th Street, Hialeah, Florida 33013, telephone number (305) 558-6086, is hereby appointed Co-Guardian of the Personal Needs of LUISA DEVERS-ABREU, upon filing with this Court, pursuant to Mental Hygiene Law §81.25 a bond in the amount of _____; the said Co-Guardian of the Personal Needs will in all things faithfully discharge the trust imposed herein, obey all the directions of the Court in respect to the trust, make and render a true and just account of all monies and other properties received pursuant to the authority granted herein and the application thereof, and of all acts performed in the administration of the trust imposed herein whenever required to do so by the Court, and will file the

4

~~designation required by §81.26 of the Mental Hygiene Law;~~
~~and it is further~~

ORDERED AND ADJUDGED, that all Guardians herein named fully cooperate with the Court Examiner designated by the Appellate Division to examine the condition, care and finances of the incapacitated person and the Court has been advised that the designated Court Examiner is

Elizabeth Bonina Esq. _____ of

9201 Shore Road - Brooklyn N.Y 11209 _____,

telephone number ( 718 ) 680-2110 _____; and
it is further

ORDERED AND ADJUDGED that the petitioner shall serve upon the Court Examiner and, unless the the Guardian is a party to this proceeding, upon the appointed Guardian, by regular mail, a copy of this petition, the court evaluator's report, and all other papers submitted to the court in relation to this proceeding to date; and it is further

ORDERED AND ADJUDGED that the Guardians herein named shall take no annual commissions and compensation for any year until that year's annual account is filed, reviewed by the Court Examiner, and approved by the Court; and it is further

ORDERED AND ADJUDGED, that the Guardian of Property Management may, without prior authorization of the Court, make reasonable expenditures for the purpose of providing the incapacitated person with necessaries or preserving the property of the incapacitated person; and it is further

ORDERED AND ADJUDGED, that the Guardian of Property Management may, without prior authorization of the Court, invest surplus funds in investments eligible by law for the investment of trust funds and may dispose of investments so made and reinvest the proceeds as so authorized.  Except as herein provided, no investment shall be made by the Guardian of Property Management other than pursuant to an order of the Court authorizing such investment.  Nothing herein contained shall be deemed to limit the power of the Court to approve any investment made without its authorization, or to control the disposition of the property of the incapacitated person or investment or reinvestment of the incapacitated person's funds, or to make a new order respecting investments at any time; and it is further

ORDERED AND ADJUDGED that the Guardian of Property Management, without prior authorization of the Court, maintain or defend in his or her own name and official title any civil judicial proceeding which the incapacitated person might have maintained or defended were the incapacitated person competent; including but not limited to claims by or

7

against any or all of the following: Esther Davis, Leonardo Costa, Andrea Rodriguez, BARRY MANSON, MARK L. JACOBS, ARCA Construction, and the tenants of the property at 376 Autumn Avenue, Brooklyn, New York; and it is further

ORDERED AND ADJUDGED, that the Guardian of Property Management shall have the authority to retain counsel and/or accountants provided that any fees paid to such counsel and/or accountants shall be subject to the approval of the Court; and it is further

ORDERED AND ADJUDGED, that upon the death of the incapacitated person the Guardian of Property Management shall have the authority to pay for the reasonable funeral expenses of the incapacitated person; and it is further

ORDERED AND ADJUDGED, that upon the death of the incapacitated person the Guardian of Property Management shall have the authority to pay the bills of the incapacitated person which were incurred prior to the death of the incapacitated person provided the Guardian of Property Management would otherwise have had the right to pay such bills; and it is further

ORDERED AND ADJUDGED, that the Guardian of Property Management shall have the authority to pay for the care and maintenance of the incapacitated person in accordance with the following plan: maintain LUISA DEVERS-ABREU in a safe and healthy environment, with needed home and health care;

8

and if necessary relocate her upon further application to the court, in accordance with the decisions of the Co-Guardians of Personal Needs; and it is further

ORDERED AND ADJUDGED, that all Guardians appointed herein shall have such authority as may be granted by any statute of the United States of America or the State of New York unless such statute specifically requires the permission of the Court before the exercise of the power granted therein; and it is further

ORDERED AND ADJUDGED, that pursuant to §81.20 of the Mental Hygiene Law all Guardians appointed herein shall:

(a)   exercise only those powers that the Guardian is authorized to exercise by order of the Court;

(b)   exercise the utmost care and diligence when acting on behalf of the incapacitated person;

(c)   exhibit the utmost degree of trust, loyalty and fidelity in relation to the incapacitated person;

(d)   visit the incapacitated person not less than four times per year;

(e)   afford the incapacitated person the greatest amount of independence and self determination with respect to property management and personal needs in light of the person's functional level, understanding and appreciation of her functional limitations, and personal wishes, preferences and desires with regard to managing the activities of daily living; and it is further

9

ORDERED AND ADJUDGED that pursuant to §81.20 of the
Mental Hygiene Law the Guardian of Property Management
shall:

(a) preserve, protect and account for
the incapacitated person's property and
financial resources faithfully;

(b) determine whether the incapacitated
person has a Will, determine the
location of any Will and appropriate
persons to be notified in the event of
the death of the incapacitated person
and in the event of the death of the
incapacitated person, notify those
persons;

(c) at the termination of the appointment,
deliver the property of the incapacitated person
to the person legally entitled to it;

(d) file with the recording office of
the county wherein the incapacitated
person is possessed of legal property,
an acknowledged statement to be recorded
and indexed under the name of the
incapacitated person, identifying the
real property possessed by the
incapacitated person, and the tax map
number of the property, and stating the
date of adjudication of incapacity of
the person regarding property management
and the name, address, and telephone
number of the Guardian and the
Guardian's surety; and

(e) perform all other duties required
by law; and it is further

ORDERED AND ADJUDGED, that to the extent of the net
estate available therefor, the Guardians of Property
Management shall provide for the maintenance, support and

10

personal well-being of the incapacitated person; and it is
further

ORDERED AND ADJUDGED, that any safe deposit box owned
by the incapacitated person shall be opened by the Guardian
of Property Management in the presence of a representative
of the bank, and the Guardian of Property Management shall
promptly file an inventory of the contents of the safe
deposit box with the Court, and the Guardian shall not take
possession of said contents until further order of the
Court; and it is further

*Subscribed by all present*

ORDERED AND ADJUDGED, that for the purpose of second
section 9-I of the Banking Law and for the purposes of
section 238 of the Banking Law, this order shall be deemed a
declaration of incompetence and no banking institution or
savings bank shall impose any penalty for the repayment of a
time deposit prior to maturity; and it is further

ORDERED AND ADJUDGED that pursuant to Section 81.21 of
the Mental Hygiene Law the Guardian of Property Management
shall have the authority to make the following decisions
concerning the property management needs of the
incapacitated person:



11

(a) apply for government and private benefits;

(b) marshal income and assets;

(c) manage real property;

(d) pay such bills as may be reasonably necessary to maintain the allegedly incapacitated person, expressly including but in no way limited to reimbursing the Co-Guardians of Personal Needs named herein for their travel expenses incurred in litigating the instant proceeding; *UPON APPLICATION TO THE COURT AND SUBJECT TO PRIOR COURT APPROVAL*

(e) defend or maintain any civil judicial proceeding, expressly including but not limited to: claims by or against any or all of the following: Esther Davis, Leonardo Costa, PROSBERO AMARO, Andrea Rodriguez, BARRY MANSON, MARK L. JACOBS, ARCA Construction, and the tenants of the property at 376 Autumn Avenue, Brooklyn, New York; and to make an investigation and to bring an action against anyone who has misappropriated any of the funds of the incapacitated person;



12

(f)   retain counsel and/or an accountant subject to Court approval of fees, expressly including but not limited to engaging attorney BARRY MANSON, Esq., to: (i) continue efforts he previously initiated to salvage and preserve the assets of the incapacitated person; (ii) look into the initiation of a malpractice suit on behalf of the incapacitated person; and (iii) to explore defenses for any action or proceeding pending against the incapacitated person;

(g)   pay funeral expenses; and

(h)   pay bills after death if incurred prior to death and if authority to pay such bills would otherwise have existed; and it is further

ORDERED AND ADJUDGED that pursuant to Section 81.21 of the Mental Hygiene Law the Co-Guardians of Personal Needs shall have the authority to make the following decisions concerning the personal needs of the incapacitated person:

(a)   consent to or refuse generally accepted routine medical or dental treatment; and

(b)   investigate and determine a suitable environment to relocate the incapacitated person within the community, but not to execute such relocation without further application to and approval of this court; and it is further

ORDERED AND ADJUDGED that pursuant to Mental Hygiene Law §81.39 no later than ninety (90) days after the issuance

13

of a commission to any Guardian named herein, such Guardian shall complete a training program approved by the Chief Administrator of the Courts and obtain proof that the training was completed; and it is further

ORDERED AND ADJUDGED that pursuant to Section 81.30 of the Mental Hygiene Law no later than ninety (90) days after the issuance of the commission to any Guardian named herein, such Guardian shall file with the Court an initial report in a form prescribed by the Court and proof of completion of the Guardian education requirements under §81.39 of the Mental Hygiene Law; and it is further

ORDERED AND ADJUDGED that each Guardian named herein shall file during the month of May in the Office of the Clerk of the County of Kings, in which the incapacitated person last resided before the appointment of a Guardian, an annual report in the form required by §81.31 of the Mental Hygiene Law; and it is further

ORDERED AND ADJUDGED, that the compensation to each Guardian named herein shall be calculated in accordance with *SECTION 81.28 OF* Mental Hygiene Law; and it is further

*JSC*

ORDERED AND ADJUDGED that pursuant to Section 81.16(c)(3) of the Mental Law notice of all further proceedings with regard to this matter shall be given to *LUISA DEVER - ABREU* MICHAEL D. HESS, the attorney for petitioner, *DAGMAR PLAZA, LAURA RANO; PROSPECT PARK* ~~and to all of~~ *SURETY, COURT EXAMINER AND ANY OTHER INTERESTED PARTY ENTITLE* the Guardians named herein; and it is further *TO NOTICE*

14

ORDERED AND ADJUDGED that DAGMAR PLAZA, Esq., in her role as the Court Evaluator appointed herein, shall be compensated in the amount of $ _10,000_ ~~X~~ ~~Ten Thousand~~, payable from the assets of the incapacitated person by the Guardian of Property Management; and it is further

ORDERED AND ADJUDGED that CLIFFORD MEIROWITZ, Esq., the Court-appointed counsel (~~and co-counsel to privately retained counsel GENESIS PEDUTO, Esq.~~) to the incapacitated person herein, shall be compensated in the amount of $ _1250_ ~~XX~~, payable from the assets of the incapacitated person by the Guardian of Property Management; and it is further

ORDERED AND ADJUDGED that GENESIS PEDUTO, Esq., the privately retained counsel (and co-counsel to Court-appointed counsel CLIFFORD MEIROWITZ, Esq.) to the incapacitated person herein, shall be compensated in the amount of $ _____, payable from the assets of the incapacitated person by the Guardian of Property Management; and it is further

ORDERED AND ADJUDGED that pursuant to Section 81.16(e) of the Mental Hygiene Law that a copy of this order and judgment shall be personally served upon and read to the incapacitated person by the Court Evaluator; and it is further

15

ORDERED AND ADJUDGED that any appointee herein shall comply with Section 35-a of the Judiciary Law and Part 36 of the New York Rules of Court and no fee shall be paid to such appointee until such appointee has filed OCA Form 830 with the Court.

E N T E R :

_____

HON. LEONARD SCHOLNICK, J.S.C.

16

Luisa Devers-Ab█
a/k/a Luisa Abreu
376 Autumn Avenue
Brooklyn, New York

Andrea Rodriguez
33 Hemlock Street, 2nd Floor
Brooklyn, New York 11208

Leonardo Costa
282 Monroe Street
Passaic, New Jersey 07055

ARCA Construction
138 Elliot Place, Suite 5G
Bronx, New York 10452

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

LIBER _1542_ PAGE _51_

In the Matter of the Application of JASON A.
TURNER, as Commissioner of Social Services of the
City of New York,

                         Petitioner,

For the Appointment of a Guardian for Personal
Needs and Property Management of

**LUISA DEVERS-ABREU, aka LUISA ABREU,**

A Person Alleged to be Incapacitated,

                         Respondent.

NOTICE OF PENDENCY

Index No. 107252/99

        **PLEASE TAKE NOTICE** that a proceeding has been commenced and is now pending in

this court, based upon the petition of JASON A. TURNER, as Commissioner of Social Services of

the City of New York, verified by the affidavit of the said petitioner and accompanied with proof that

the said **LUISA DEVERS-ABREU, aka LUISA ABREU**, the alleged incapacitated person is unable

to manage her affairs by reason of advanced age, illness and infirmity, and a Guardian of the property

and estate of the said **LUISA DEVERS-ABREU, aka LUISA ABREU** having been appointed.

        **PLEASE TAKE FURTHER NOTICE** that the real property of the proposed incapacitated

person which will be affected by this proceeding is described as follows:

        ALL that certain plot, place or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the Borough of
Brooklyn, County of Kings, City and State of New York, bounded and
described as follows:

$\frac{4168}{29}$ ④   **BEGINNING** at a point on the westerly side of Autumn Avenue (formerly
Railroad Avenue) distant 33 1/15 of an inch northerly from the corner formed
by the intersection of the westerly side of Autumn Avenue with the northerly
side of Weldon Street;

        **RUNNING THENCE** westerly parallel with Weldon Street and part of the distance
through a party wall, 97 feet 2-1/2 inches to the rear line of Lot Number 111, as laid

down on a certain map entitled, "Map of Belleplain, adjacent to East New York in th Town of New Lots, Kings County, Long island, belonging to Samuel J. Stewart, surveyed and drawn by P. G. Van Alst, City Surveyor, Brooklyn", and filed in the Office of the Register of the County of Kings on December 9, 1964 as Map No. 715;

**THENCE** northerly at right angles to Weldon Street and along the rear line of Lots Numbers 111 and 110 as laid down on said map, 39 feet 11-15/16 inches more or less to the point or place of **BEGINNING**.

**SAID** premises being known as 376 Autumn Avenue, Brooklyn, New York, 11208 Block No: 4168, Lot No: 29.

**PLEASE TAKE FURTHER NOTICE** that the general object of this proceeding is to

obtain an adjudication that the said **LUISA DEVERS-ABREU**, aka **LUISA ABREU** is and for the

space of at least one year last past has been incapable to manage herself and her affairs by reason of

advanced age, illness and infirmity, and to have a guardian appointed of the property and estate of

said **LUISA DEVERS-ABREU**, aka **LUISA ABREU**. 

LIBER *1542* PAGE *52*

Dated: Brooklyn, New York
July 14, 2000

Yours, etc.

*Dagmar Plaza*

**DAGMAR PLAZA, ESQ.**
Attorney for Petitioner
26 Court Street, Suite 1402
Brooklyn, New York 11242
(718) 802-1200

FILED 2000 JUL 14 PM 3:36 KINGS COUNTY CLERK

**TO THE CLERK OF THE COUNTY OF KINGS**

Please index the preceding notice against the name **LUISA DEVERS-ABREU**, aka **LUISA ABREU**, the alleged incapacitated person above named.

Dated: Brooklyn, New York
July 14, 2000

**DAGMAR PLAZA**
Attorney for Petitioner
26 Court Street, Suite 1402
Brooklyn, New York 11242
(718) 802-1200

Exhibit 11

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT OF FLORIDA IN AND
FOR DADE COUNTY

PROBATE DIVISION

NO. 84-3077-02

IN RE:

Luisa Devers Abreu

NOTICE TO ALLEGED INCOMPETENT*

To ___Luisa Devers Abreu_____ the alleged incompetent

___Prospero Amaro_____ and ___Laura Abreu_____

member of h__er__ family.

WHEREAS, a petition has been filed before me, under the provision of Chapter 744.331

Florida Statutes, alleging that you, _____Luisa Devers ABreu_____

are thought to be incompetent because of the following disabilities:

__Extremely volatile, erratic behavior, sometimes violent,__

__irrational.__

_____

and requesting that an inquiry be made by this court as to your mental and physical condition,
or both.

This is, therefore, to notify you that on the __1st__ day of ___May___

19 __84__, at __11:30__ A.M./P.M. at __Rm. 307, Dade County Courthouse, 73 W. Flagler__
__St., Miami, Fla. 33130__

Florida, a hearing on such application will be held by and before me, and you, _____

_____Luisa Devers Abreu_____, may be

heard, either in person or by counsel.

You are informed that counsel will be appointed for you without expense if you are
unable to pay counsel.

Given under my hand and official seal at _____Miami

**Exhibit 12**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT OF FLORIDA, IN
AND FOR DADE COUNTY

LUISA DEVERS ABREU,

      Plaintiff,

GENERAL JURISDICTION DIVISION

CASE NO.:

vs.

PROSPERO AMARO and JOSEFA
AMARO, his Wife, jointly,
severally, and individually,

~~Defendants.~~

COMPLAINT

Florida Bar # 301221

Plaintiff sues Defendants alleging:

1.  This is an action to declare a resulting trust in
real property situate in Dade County, Florida.

2.  Plaintiff is an unmarried woman living in the City of
Hialeah, Dade County, Florida; she is sui juris in all respects.

3.  Defendants are Husband and Wife, live in the City of
Hialeah, Dade County, Florida, and are sui juris in all respects.

4.  Between March or April of 1977, and February of 1984,
Plaintiff sent to Defendants approximately $75,000.00, from her
earnings and savings in New York, for the express purpose of pur-
chasing a home for her, in Dade County, Florida, since she contem-
plated moving there upon retirement from her employment in New York.

5.  Defendants did purchase said home for Plaintiff, with
those funds which were solely and entirely provided by Plaintiff,
on April 4, 1977, by Warranty Deed recorded on April 29, 1977, in
Official Records Book 9665, Page 2201, of the Public Records of Dade
County, Florida.  The legal description of said property is as
follows:

Lot 24, and the West 18 feet of Lot 23, Block 1
of PALM AVENUE HIGHLANDS, according to the Plat

trust in said prope       .

WHEREFORE, Plaintiff demands that this Court declare a resulting trust in her favor in the subject property, and further grant her any other relief the Court deems meet and proper under the circumstances.

Respectfully submitted by:

FRANCES BARRERA, ESQ.
Attorney for Plaintiff
Pilafian Building
200 S.W. 2nd Avenue
Miami, Florida  33130
PII:  371-2773

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY

GENERAL JURISDICTION DIVISION

CASE NO.:

LUISA DEVERS AB███,

            Plaintiff,

vs.

PROSPERO AMARO and JOSEFA
AMARO, his Wife, jointly,
severally and individually,

            Defendants.

_____/

NOTICE OF LIS PENDENS

Florida Bar # 301221

TO DEFENDANTS PROSPERO AMARO and JOSEFA AMARO, his Wife,

Jointly, severally and individually, AND ALL OTHERS WHOM IT MAY

CONCERN:

        YOU ARE HEREBY NOTIFIED of the institution of this action

by Plaintiff against you seeking the Court to declare a resulting

trust in her favor in the following described property situate in

Dade County, Florida:

                Lot 24, and the West 18 feet of Lot 23, Block 1
                of PALM AVENUE HIGHLANDS, according to the Plat
                thereof, as recorded in Plat Book 15, at Page 35,
                of the Public Records of Dade County, Florida,
                a/k/a 75 East 60 Street, Hialeah, Florida.

        DATED this 17th day of April, 1985.

                                    Respectfully submitted by:

                                    _____
                                    FRANCES BARRERA, ESQ.
                                    Attorney for Plaintiff
                                    Pilafian Building
                                    200 S.W. 2nd Avenue
                                    Miami, Florida  33130
                                    Ph:  371-2773

1.305

**Exhibit 13**



**Appellate Term**
**Supreme Court of the State of New York**
**2nd and 11th Judicial Districts**

LEONARD SCHOLNICK
PRESIDING JUSTICE

SUPREME COURT CHAMBERS
360 ADAMS STREET
BROOKLYN, N.Y. 11201-3712
(718) 643-7078

September 28, 2001

Ms. Luisa Devers Abreu
376 Autumn Avenue, Apt. B4
Brooklyn, New York 11208

Dagmar Plaza, Esq.
26 Court Street
Brooklyn, New York 11242

Mr. Jesus Berrios
1049 Liberty Avenue
Brooklyn, New York 11208

Barry Manson, Esq.
ABM Management
310 Northern Blvd, Suite G
Great Neck, New York 11021

NYC HRA
Office of Legal Affairs
180 Water Street, 16th Floor
New York, New York 10038

Re: Luisa Devers Abreau a/k/a
Luisa Abreau
Index #: 107252/99

Dear Sirs/Madams:

A Hearing on the motion to discharge the Guardian is scheduled for Wednesday, November 7, 2001 at 9:30 A.M. in Room #329 at 360 Adams Street, Brooklyn, New York 11201.

Very truly yours,

ANTHONY J. LAMBERTI,
Law Clerk to Justice Scholnick

AJL:cc

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS: IAS PART 76

------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF

JASON A. TURNER, AS COMMISSIONER OF           INDEX NO.

SOCIAL SERVICES OF THE CITY OF NEW YORK,      107252/99

                                      PETITIONER,      HON. LEONARD

FOR THE APPOINTMENT OF A GUARDIAN FOR         SCHOLNICK.

PERSONAL NEEDS AND PROPERTY MANAGEMENT

OF LUISA DEVERS ABREU, A/K/A LUISA ABREU,

A PERSON ALLEGED TO BE INCAPACITATED,

                              RESPONDENT.

------------------------------------------------------------------------X

NOTICE OF MOTIONS TO VACATE JUDGMENT AND ORDER

OF PERSONAL JURISDICTION PURSUANT TO CPLR 5015(A)(4);

FOR RESTITUTION PURSUANT TO CPLR 5015(D); FOR CANCELLATION

OF THE  NOTICE OF PENDENCY PURSUANT TO CPLR 6514;

FOR DISCHARGE OF GUARDIANS OF PERSON AND PROPERTY OF

MISCONDUCT AND FOR FAILURE TO THEIR DUTIES; AND  UPON

THE GROUND THAT INCAPACITATED PERSON HAS BECOME

FULLY ABLE TO CARE FOR PERSONAL NEEDS AND PROPERTY

PURSUANT TO MHL SECTIONS  81.06(6)(a); 81.29; 81.35; and 81.36.

1

 ORAL ARGUMENT IS REQUESTED.

PLEASE TAKE NOTICE that upon the affidavits of Luisa Devers Abreu, the respondent herein, sworn to on the 7th day of September, 2001, and Jesus Berrios, a friend concerned with the welfare of respondent, sworn to on the 7th day of September, 2001, the annexed Memorandum of Law dated September 7, 2001, and upon all other papers and proceedings herein had, respondent will move this court at an IAS Part 76, in Room 329, to be held at the courthouse located at 360 Adams Street, Brooklyn, New York 11201, on the 28th day of September, 2001, at 9: 30 o' clock in the forenoon of that day or as soon thereafter as respondent canbe heard for an order pursuant to CPLR 5015(a)(4); 5015(d); 6514; and Mental Hygiene Law sections 81.06(a)(6); 81.14; 81.29; 81.35 and 81.36 granting respondent the following relief:

1. Vacating and setting aside the Judgment and Order dated July 21, 2000, for lack of personal jurisdiction;

2. Ordering the guardians of the person and property of the respondent to make restitution of money and property;

3. Cancellation of the Notice of Pendency filed with the County Clerk on July 14, 2000;

4. Discharging and removing Dagmar Plaza, Esq., Prospero Amaro and Laura Rand as guardians of the person and property of the respondent on the grounds

2

TO:

DAGMAR PLAZA, ESQ.

26 COURT STREET

BROOKLYN, NEW YORK 11242

TEL. (718) 802-1200


PROSPERO AMARO

75 EAST 60TH STREET

HIALEAH, FLORIDA 33013

LAURA RAND

220-55 46TH STREET, APT. 12F

BAYSIDE, NEW YORK 11361

TEL.(718) 843-2800

JASON A. TURNER

COMMISSIONER

NYC HUMAN RESOURCES ADMINISTRATION

OFFICE OFLEGAL AFFAIRS

180 WATER STREET

NEW YORK, NEW YORK 10038

MICHAEL D. HESS

NYC CORPORATION COUNSEL

100 CHURCH STREET

NEW YORK, NEW YORK 10007

5

**Exhibit 14**

AT AN IAS TERM, PART 76, OF THE

SUPREME COURT OF THE STATE OF NEW YORK,

HELD IN AND FOR THE COUNTY OF KINGS,

AT THE COURTHOUSE LOCATED AT 360

ADAMS STREET, BROOKLYN, NEW YORK 11201,

ON THE_____ DAY OF DECEMBER 2001.

PRESENT:

HON. LEONARD SCHOLNICK,

        JUSTICE

-------------------------------------------X

IN THE MATTER OF THE APPLICATION OF JASON A. TURNER,

AS COMMISSIONER OF SOCIAL SERVICES OF THE CITY         INDEX NO.

OF NEW YORK,         107252/99

        PETITIONER,

FOR THE APPOINTMENT OF A GUARDIAN FOR PERSONAL NEEDS

AND PROPERTY MANAGEMENT OF LUISA DEVERS ABREU,         DECISION AND ORDER.

A/K/A LUISA ABREU,

A PERSON ALLEGED TO BE INCAPACITATED,

        RESPONDENT.

-------------------------------------------X

    UPON READING AND FILING THE NOTICE OF MOTIONS TO VACATE THE JUDGMENT AND ORDER OF THIS COURT ENTERED HEREIN ON JULY 21, 2000, ON THE GROUNDS OF LACK OF PERSONAL JURISDICTION PURSUANT TO C.P.L.R. SECTION 5015(a)(4); FOR RESTITUTION PURSUANT TO C.P.L.R. SECTION 5015(d); FOR CANCELLATION OF THE NOTICE OF PENDENCY PURSUANT TO C.P.L.R. SECTION 6514; FOR DISCHARGE OF THE GUARDIANS OF THE PERSON AND PROPERTY OF THE RESPONDENT FOR FAILURE TO PERFORM THEIR DUTIES AND UPON THE GROUND THAT RESPONDENT HAS BECOME FULLY ABLE TO CARE FOR HER PERSONAL NEEDS AND HER PROPERTY PURSUANT TO NEW YORK STATE MENTAL HYGIENE LAW SECTIONS 81.06(6)(a), 81.29, 81.35 and 81.36, DATED SEPTEMBER 7, 2001; THE AFFIDAVIT OF LUISA DEVERS ABREU WITH ATTACHED EXHIBITS, DATED SEPTEMBER 7, 2001; THE AFFIDAVIT OF JESUS BERRIOS DATED SEPTEMBER 7,2001; RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT TO MOTION FOR RELIEF FROM JUDGMENT

1



AND ORDER, DATED SEPTEMBER 7, 2001; THE AFFIDAVIT OF SERVICE OF NOEMI CABAN, DATED SEPTEMBER 10, 2001; THE ORAL ARGUMENT BEFORE THIS COURT ON NOVEMBER 7, 2001; AND UPON ALL THE PLEADINGS AND PROCEEDINGS HERETOFORE HAD HEREIN, THE MOTIONS BY RESPONDENT AND JESUS BERRIOS FOR AN ORDER OF THIS COURT VACATING THE JUDGMENT AND ORDER OF THIS COURT, ENTERED HEREIN ON JULY 21, 2000, AND FOR DISCHARGE AND REMOVAL OF THE GUARDIANS OF THE PERSON AND PROPERTY OF THE RESPONDENT APPOINTED BY THIS COURT ON JULY 21, 2000, IS, IN ALL RESPECTS, DENIED.

BY SUPPLEMENTAL ORDER TO SHOW CAUSE AND VERIFIED PETITION DATED DECEMBER 15, 1999, PETITIONER  JASON A. TURNER, NYC COMMISSIONER OF SOCIAL SERVICES, COMMENCED AN ARTICLE 81 PROCEEDING SEEKING THE APPOINTMENT OF GUARDIANS FOR THE PERSON AND PROPERTY OF THE RESPONDENT. THE ORDER TO SHOW CAUSE DATED DECEMBER 15, 1999, REQUIRED PERSONAL DELIVERY OF THE ORDER AND VERIFIED PETITION UPON THE RESPONDENT. THE AFFIDAVIT OF SERVICE OF RAFAEL MOREL DATED DECEMBER 15, 1999, STATED THAT THE SUPPLEMENTAL ORDER TO SHOW CAUSE AND VERIFIED PETITION WERE SERVED UPON RESPONDENT BY REGULAR MAIL. NO PERMISSION FOR SUBSTITUTED SERVICE NOR SERVICE BY REGULAR MAIL WAS GRANTED BY THE COURT

ON MAY 8, 2000,  A COURT HEARING WAS HELD BY THIS COURT. RESPONDENT DID NOT APPEAR, ALTHOUGH SHE WAS REPRESENTED BY COUNSEL. ON JULY 21, 2000, THIS COURT ENTERED A JUDGMENT AND ORDER, DECLARING THE RESPONDENT AN INCOMPETENT PERSON WITHIN THE MEANING OF MENTAL HYGIENE LAW SECTION 81.02, AND APPOINTED DAGMAR PLAZA, ESQ., PROSPERO AMARO AND LAURA RAND AS GUARDIANS OF THE PERSON AND PROPERTY OF THE RESPONDENT LUISA DEVERS ABREU. NO APPEAL WAS TAKEN FROM THIS ORDER.

IN HER MOTIONS, RESPONDENT ASSERTS THAT THE JUDGMENT AND ORDER ENTERED BY THIS COURT ON JULY 21, 2000, SHOULD BE VACATED PURSUANT TO C.P.L.R. 5015(a)(4), UPON THE GROUNDS OF LACK OF PERSONAL JURISDICTION. RESPONDENT CHALLENGES THE JURISDICTION OF THIS COURT ON THE GROUNDS THAT THE SUPPLEMENTAL ORDER TO SHOW CAUSE AND VERIFIED PETITION DATED DECEMBER 15, 1999, WERE NOT PERSONALLY SERVED UPON HER AS REQUIRED BY ITS EXPRESS TERMS AND BY THE APPLICABLE STATUTE, MENTAL HYGIENE LAW SECTION 81.07(d)(2)(i). RESPONDENT ALSO CONTENDS THE ORDER TO SHOW CAUSE AND VERIFIED PETITION WAS NOT TRANSLATED TO SPANISH AS REQUIRED BY MENTAL HYGIENE LAW SECTION 81.07(b).

2

NO OPPOSITION TO THE MOTIONS OF THE RESPONDENT AND JESUS BERRIOS WAS MADE BY THE PETITIONER NOR THE GUARDIANS OF THE PERSON AND PROPERTY OF THE RESPONDENT. ON NOVEMBER 7, 2001, THIS COURT HELD ORAL ARGUMENT ON THESE MOTIONS. RESPONDENT WAS EXAMINED AND QUESTIONED BY THIS COURT. FOR THE REASONS STATED ORALLY ON THE RECORD ON NOVEMBER 7, 2001, THESE MOTIONS MADE BY THE RESPONDENT AND JESUS BERRIOS ARE DENIED. THE FOREGOING CONSTITUTES THE DECISION AND ORDER OF THE COURT.

ENTER,

LEONARD SCHOLNICK
J.S.C.

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF
JASON A. TURNER, AS COMMISSIONER OF
SOCIAL SERVICES OF THE CITY OF NEW YORK,
                              PETITIONER,               INDEX NO.107252/99
FOR THE APPOINTMENT OF A GUARDIAN FOR
PERSONAL NEEDS AND PROPERTY MANAGEMENT OF              HON.LEONARD SCHOLNICK
LUISA DEVERS ABREU, a/k/a LUISA ABREU,
A PERSON ALLEGED TO BE INCAPACITATED,
                              RESPONDENT.              AFFIDAVIT OF SERVICE

------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF KINGS    )S.S.:

     JOSE E. CRUZ VELEZ, BEING DULY SWORN, DEPOSES AND SAYS THAT:
1. THE DEPONENT IS NOT A PARTY TO THE ACTION, IS 18 YEARS OF AGE
OR OLDER,   OFFICE   AT 5403 5TH AVE., BROOKLYN, NEW YORK, 11220.
2. ON THE 3rd DAY OF DECEMBER, 2001, THE DEPONENT SERVED THE
FOLLOWING DESCRIBED PAPERS UPON THE PERSON OR PERSONS LISTED IN
PARAGRAPH 3 HEREOF:

1. PROPOSED DECISION AND ORDER;

2. LETTER OF RESPONDENT LUISA DEVERS ABREU AND JESUS BERRIOS,
DATED DECEMBER 3, 2001;

3. LETTER FROM HON. MICHAEL L. PESCE, DATED SEPTEMBER 17, 2001;

4. AFFIDAVIT OF SERVICE OF JOSE E. CRUZ VELEZ, DATED DECEMBER 3,
2001.

1

3. THE NAME OF THE PERSON OR NAMES OF THE PERSONS SERVED AND THE

ADDRESS OR ADDRESSES AT WHICH SERVICE WAS MADE ARE AS FOLLOWS:

1. HON. MICHAEL L. PESCE

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

ADMINISTRATIVE JUDGE
360 ADAMS STREET, ROOM 1140 E.
BROOKLYN, NEW YORK 11201

2. ELIZABETH BONINA, ESQ.
9201 SHORE ROAD
BROOKLYN, NEW YORK 11209

3. MICHAEL D. HESS
   NYC CORPORATION COUNSEL
   100 CHURCH STREET
   NEW YORK, NEW YORK 10007

4. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
   75 TOWN CENTRE DR.
   ROCHESTER, NEW YORK 14623-4259

5. BARRY MANSON, ESQ.
   ABM MANAGEMENT CORP.
   310 NORTHERN BOULEVARD, SUITE G
   GREAT NECK, NEW YORK 11021

6. DAGMAR PLAZA, ESQ.
   26 COURT STREET, SUITE 1402
   BROOKLYN, NEW YORK 11242

7. PROSPERO AMARO
   75 EAST 60th STREET
   HIALEAH, FLORIDA 33013

8. LAURA RAND
   220-55  46th STREET
   BAYSIDE, NEW YORK 11261

9. CLIFFORD A. MEIROWITZ, ESQ.
   36 WEST 44th STREET
   NEW YORK, NEW YORK 10036

2

4. THE NUMBER OF COPIES SERVED ON EACH OF SAID PERSON WAS ONE.

5. THE METHOD OF SERVICE ON EACH OF SAID PERSON WAS BY MAILING

THE PAPER TO THE PERSON AT THE ADDRESS DESIGNATED BY HIM OR HER F

FOR THAT PURPOSE BY DEPOSITING THE SAME IN A FIRST CLASS,POSTPAID,

PROPERLY ADDRESSED WRAPPER, IN A POST OFFICE OR OFFICIAL

DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED

STATES POSTAL SERVICE WITHIN THE STATE OF NEW YORK PURSUANT TO

CPLR 2103(b)(2).


DATED: BROOKLYN, NEW YORK

DECEMBER 3, 2001.

JOSE E. CRUZ VELEZ



SWORN TO BEFORE ME

THIS 3rd DAY OF DECEMBER,2001.


NOTARY PUBLIC

**NOEMI CABAN**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO. 24-4988011**
**QUALIFIED IN KINGS COUNTY**
**COMMISSION EXPIRES OCTOBER 28, 2005**

3

